In the Matter of the Application of WARREN C. TAMNEY, Respondent, for a Peremptory Writ of Mandamus against WILLIAM H. ATKINS et al., Justices of the Peace of the Town of New Paltz, et al.

EUGENE VAN WAGONEN, as Town Clerk of the Town of New Paltz, et al., Appellants.

Mandamus — local option — application for writ of mandamus requiring inspectors of election to recount as in favor of licensing hotels to sell liquor certain ballots rejected as void — such writ cannot be granted upon application of hotelkeeper.

1. A writ of mandamus directing the inspectors of election of a town meeting where local option questions under the Liquor Tax Law were voted upon to count certain ballots which were by them returned as void is a proceeding that may not be entertained by virtue of any inherent powers of the court, but must find authorization and support in the express provisions of some statute or statutes.

2. At a town meeting the electors voted on the local option questions provided for by section 13 of the Liquor Tax Law. In making their return the inspectors rejected as void such a number of ballots that the election resulted in a tie on the question whether licenses for the sale of liquor by hotelkeepers should be granted. The owner of a hotel in the town where liquor had been sold for some time prior to the election within twenty days thereafter on proper petition procured an order to show cause why a writ of mandamus should not issue requiring the inspectors of election to recount the ballots and especially to count as in favor of licensing the sale of liquors by hotelkeepers certain ballots which they had rejected as void. Said order was not returnable until after the expiration of twenty days from and after the election. *Held*, that the objection that relator did not institute this proceeding, if otherwise maintainable within the time specified by the statute, was properly overruled, but that there was no authority for instituting the proceeding since the statute (Election Law, § 381; Cons. Laws, ch. 17) does not provide for the issue of a writ of mandamus on the relation of a party who is simply interested in the result of any action taken at an election but only upon the application of a candidate.

*Matter of Tamney v. Atkins*, 151 App. Div. 309, reversed.

(Submitted June 2, 1913; decided June 20, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 14, 1912, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the inspectors of election of a town meeting, where local option questions under the Liquor Tax Law were voted upon, to count certain ballots which were by them returned as void.

The facts, so far as material, are stated in the opinion.

*John J. Linson* for appellants. The Supreme Court had no power to entertain this proceeding for the recount or recanvass of ballots voted on a proposition submitted to the electors where ballots have been rejected as void, wherefore the preliminary objection to that effect should have been sustained. (*People* v. *Livingston*, 79 N. Y. 290; *People ex rel. Brink* v. *Way*, 179 N. Y. 174; *Matter of Hearst* v. *Woelper*, 183 N. Y. 274; *People ex rel. March* v. *Beam*, 188 N. Y. 266; *People* v. *McClellan*, 191 N. Y. 341; *People* v. *Supervisors*, 12 Barb. 217; *Morgan* v. *Quackenbush*, 22 Barb. 72; *Hadley* v. *Mayor*, 33 N. Y. 603; *People* v. *Canvassers*, 44 N. Y. S. R. 738; *People ex rel. Haverly* v. *Hanes*, 44 Misc. Rep. 475.) The court was without jurisdiction to entertain this proceeding for the reason that the writ of mandamus was not granted within the statutory time; by reason whereof the preliminary objection to that effect should have been sustained. (*People ex rel. May* v. *Strang*, 136 App. Div. 848; *People ex rel. Haverly* v. *Hane*, 44 Misc. Rep. 475; *Grossman* v. *Supreme Lodge*, 22 N. Y. S. R. 522; *Thompson* v. *Erie Ry. Co.*, 9 Abb. [N. S.] 233.)

*Joseph H. Vanderlyn* and *Augustus H. Van Buren* for respondent. The first preliminary objection made by the intervenors was properly overruled by the court. (Cons. Laws, ch. 17, § 381.) The second preliminary objection made by the intervenors was properly overruled by the court. (L. 1909, ch. 39; amd., L. 1910, ch. 485;

Cons. Laws, ch. 17, §§ 341, 373; *People ex rel. Decker* v. *Parmlee*, 22 Misc. Rep. 380; *People ex rel. Bell* v. *Canvassers*, 65 Misc. Rep. 223.)

Hiscock, J. At a town meeting held in and for the town of New Paltz, Ulster county, on November 7th, 1911, the electors voted on the four local option questions provided for by section 13 of the Liquor Tax Law, and thereafter the inspectors of election duly made their returns of and for said election. There has been no controversy concerning the result of said election as declared on the first three questions submitted, and which were, respectively, with reference to the sale of liquors to be drunk on the premises, with reference to the sale of liquors not to be drunk on the premises, and with reference to the sale of liquors by a pharmacist. The controversy involved in this proceeding relates to the result of said election as declared on the fourth question, with reference to the sale of liquors by hotelkeepers.

Said town consisted of two election districts, and in making their returns the inspectors of election rejected as void such a number of ballots that the election resulted in a tie on the question last mentioned, and such result in turn meant a decision against licensing the sale of liquors by hotelkeepers.

The relator for some time prior to said election was the owner or proprietor of a hotel in said town where liquors were sold, and within twenty days after said election, on proper petition, he procured an order to show cause why mandamus should not issue requiring the inspectors of election to recount the ballots, and especially to count, as in favor of licensing the sale of liquors by hotelkeepers, certain ballots which they had rejected as void. Said order was not returnable until after the expiration of twenty days from and after the election, and on its return two objections were made by the appellants to entertaining the application and proceeding. These

were, *first*, that the application was not made within twenty days as required by the Liquor Tax Law; and, *second*, that the statute did not permit such an application in the case of such an election as this. Both of these objections were overruled and now come before us for consideration before we reach the merits of the order which was finally made directing the inspectors to count certain ballots which they had declared void, and which if thus counted would change the result of said election so that there would be authority to grant licenses to hotelkeepers to sell liquors.

We think that the objection that relator did not institute this proceeding, if otherwise maintainable, within the time specified by the statute was properly overruled, but that the second objection that there was no authority for its institution was well taken.

The Election Law (Cons. Laws, ch. 17) contains familiar provisions governing such an election as this was, with reference to the form and preparation of ballots, the canvass of votes, the rejection of void ballots and a return by the inspectors of the results of the election and the preservation of ballots. Section 381, under which it is claimed that this proceeding may be instituted, then provides:

" If any certified original statement of the result of the canvass in an election district shall show that any of the ballots counted at an election therein were protested as marked for identification, a writ of mandamus may, upon the application of any candidate voted for at such election in such district, within twenty days thereafter, issue out of the supreme court to the board or body of canvassers, if any, of the return of the inspectors of such election district, and otherwise to the inspectors of election making such statement, requiring a recount of the votes on such ballots. If the court shall, in the proceedings upon such writ, determine that any such ballot was marked for the purpose of identification, the court shall order such ballot and the votes thereon to be excluded upon a recount of such votes.

"A like writ may in the same manner be issued to determine whether any ballot and the votes thereon which have been rejected by the inspectors as void, shall be counted. If in the proceedings upon such writ the court shall determine that the votes upon any such ballot rejected as void shall be counted, the court shall order such ballot and the votes thereon to be counted upon a recount of such votes. Boards of inspectors of election districts, and boards of canvassers, shall continue in office for the purpose of such proceedings."

It is well settled that this proceeding may not be entertained by virtue of any inherent powers of the court, but must find authorization and support in the express provisions of the statute. When we examine these we see, as already quoted, that the only provision for a writ of mandamus concerning ballots returned as marked for identification is " upon the application of any candidate voted for at such election; " and when we come to the second paragraph of the section relating to ballots which have been rejected by inspectors as void and which is the present case, we find that " a like writ may in the same manner be issued to determine whether " such ballots shall be counted. Thus we have it that the section first provides for the case of ballots alleged to have been marked for identification and only authorizes such a writ as is here asked to be granted " upon the application of any candidate voted for at such election; " and that the second paragraph, relating to ballots returned as void, provides for the issuing of "A like writ    *    *    *    in the same manner."

It seems perfectly clear that the first provision, which limits the right to a writ of mandamus to a candidate, cannot by any process of reasonable construction be interpreted to mean a person who was not a candidate, but who simply as the owner of property was interested in the election; and this being so, it seems equally plain that when the second paragraph provides for " a like writ,"

with reference to ballots that have been returned as void, to be issued "in the same manner," it necessarily means a writ issued upon the application of a candidate and not of any other person. A writ issued upon the relation of a party who was simply interested in the result of an action could not be said to be a like writ issued in the same manner as one which could only be issued upon the application of a candidate.

It is not difficult to appreciate the force of the argument made in behalf of the relator that there is no justice or logic in permitting a candidate for some inconsequential office to sue out such a writ as this and then to withhold such right from a person like the relator in the case of an election which may involve very substantial rights and interests for him. But this argument must be addressed to the legislature rather than to the courts. As has already been said, in such a case as this the right to the writ depends on legislative enactment, and if the legislature as a result of fixed policy or inadvertent omission fails to give such privilege, we have no power to supply the omission.

The orders appealed from should be reversed, with costs, and the application for the writ denied, with ten dollars costs.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CHASE, HOGAN and MILLER, JJ., concur.

Orders reversed, etc.