PEOPLE ex rel. CANTOR v. BOARD OF CANVASSERS OF NEW YORK COUNTY (SIEGEL, Intervener). (No. 6557.)

(Supreme Court, Appellate Division, First Department. December 11, 1914.)

1. MANDAMUS (§ 10*)—COMPELLING OPENING OF BALLOT BOXES—COURT PROCEEDINGS—AUTHORITY.

A proceeding to compel the opening of ballot boxes in certain election districts and the removal of ballots therefrom cannot be entertained by virtue of any inherent powers of the court, but must find authority and support in express statutory provisions.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 37; Dec. Dig. § 10.*]

2. MANDAMUS (§ 178*)—PROCEEDINGS—ORDER.

Election Law (Consol. Laws, c. 17, as amended by Laws Extra Sess. 1913, c. 821) § 369, provides that protested, void, and wholly blank ballots shall be indorsed, and after being canvassed shall be placed in a "separate sealed package," which section 378 declares shall be filed by the chairman of the board of election inspectors, and section 369 provides that all other ballots shall be replaced in the boxes from which they were taken, and each box shall be securely locked and sealed, and deposited by an inspector with the office or board furnishing it, etc. Held that, since protested, void, and wholly blank ballots are not to be replaced in the boxes, but otherwise disposed of, an order in a mandamus proceeding, in so far as it required the county board of canvassers to remove all ballots found in the boxes which were protested or canvassed as wholly

blank or void, was erroneous, since, if such ballots had been placed in the boxes by mistake, the duty to correct the mistake lay with the board of election inspectors, and not with the county board of canvassers.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 396–400, 410; Dec. Dig. § 178.*]

3. MANDAMUS (§ 10*)—PROCEEDINGS—TIME.

A proceeding could not be entertained against election inspectors to compel them to remove protested, void, and wholly blank ballots from the ballot boxes until it appeared, by an inspection of the ballots in the boxes, that such protested, void, and blank ballots had in fact been erroneously locked up in the boxes, when in fact they should have been placed and returned in separate packages as provided by the election law.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 37; Dec. Dig. § 10.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Jacob A. Cantor, against the Board of Canvassers of New York County. From an order requiring the opening of the ballot boxes in certain election districts in the county of New York and the removal of ballots therefrom, Isaac Siegel, intervener, appeals. Modified and affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Leonard J. Obermeier, of New York City, for appellant.

Thomas F. Gilroy, Jr., of New York City, for respondent.

SCOTT, J. Although the defendant named in the proceeding is the county board of convassers of the county of New York, the order requires that certain things be done by the board of elections, a totally different body. These things are to produce certain ballot boxes at the office of said board of elections, and to open the same and to permit an examination of the ballots contained in said boxes cast for candidates for the office of member of the House of Representatives for the Twentieth congressional district of the state of New York. To so much of the order no substantial objection is urged. What is complained of is the provision contained in the clause of the order numbered "Fifth," which reads as follows:

"Fifth—That, upon such examination, all ballots found in the said boxes for said respective election districts, which were counted at said election in said several election districts, and were protested or were canvassed as wholly blank or void, shall be removed from such ballot boxes and shall be placed in the respective packages of protested, void, and wholly blank ballots for said election districts, respectively."

The order was granted upon an affidavit by the relator showing that on November 13, 1914, a peremptory writ of mandamus was issued directed to the county board of canvassers requiring them to recanvass the ballots counted at the election held November 3, 1914, in the Twentieth congressional district for the office of member of the House of Representatives, which were protested or were canvassed as wholly blank or void. An order was also granted directing the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county clerk of the county of New York to produce and deliver to the county board of canvassers the packages of protested, wholly blank, and void ballots for each of the election districts contained within said congressional district. It is then alleged that the county board of canvassers was unable to comply with the terms of the writ of mandamus, because it was discovered that there were grave discrepancies in many election districts between the number of blank and void ballots shown by the returns of the inspectors of election to have been counted, and the blank and void ballots contained in the packages produced by the county clerk. The inference sought to be drawn from these facts is that there must be contained in numerous ballot boxes a considerable number of disputable ballots, which should have been, but were not, placed in the packages of protested, void, and wholly blank ballots.

The intervener, Isaac Siegel, combats many of the allegations made by the relator; the difference between them apparently being based, in the main, upon a difference of interpretation of the term "wholly blank ballots." In the view we take of this appeal, it is unnecessary to discuss or consider the true meaning of that phrase. All that we are concerned with is the power of the court to compel either the county board of canvassers or the board of elections to withdraw any ballots for any cause from the ballot boxes and to place them in other packages or receptacles.

[1] It has been settled by authority that a proceeding of this nature "may not be entertained by virtue of any inherent powers of the court, but must find authorization and support in the express provisions of the statute." Matter of Tamney v. Atkins, 209 N. Y. 202–206, 102 N. E. 567–568. It is necessary, therefore, to refer to the Election Law (chapter 17 of the Consolidated Laws, as amended by Laws Extra Sess. 1913, c. 821).

[2] Section 369 deals with the duties of the inspectors of election with reference to protested ballots, and those which are considered by the inspectors to be "wholly blank" or "wholly void." Each of such ballots is to be properly indorsed and—

"when all the ballots of any one kind shall have been canvassed, the chairman of the board of inspectors, or, if he refuse, one of the inspectors, shall carefully and securely place all the ballots of that kind as to the counting of which any objection was taken, all ballots which are wholly void, and ballots which are wholly blank, in a *separate sealed package*, which shall be indorsed on the outside thereof with the names of the inspectors, the designation of the election district, and the number and kind of ballots contained therein. The package so sealed shall be known as the package of protested, void and wholly blank ballots and shall be disposed of as hereinafter provided. * * * "

Section 378 declares what this disposition is to be. It is therein provided that in the city of New York the package of protested, void, and wholly blank ballots and one set of returns, with tally sheets annexed, together with one of the poll books, shall be filed by the chairman of the board of inspectors within 24 hours after the completion of the canvass with the county clerk of the county within which the election district is located. All of the ballots except those above described

are required to be "tied together, labeled, and returned to the ballot box from which they were taken." Section 369.

After all this has been done, and the tally sheets and returns are completed, and all of the stubs and ballots except the protested, void, and wholly blank ballots are replaced in the boxes from which they were taken—

"each box shall be securely locked and sealed, and deposited, by an inspector designated for that purpose, with the officer or board furnishing it, together with the separate sealed package of unused official ballots. The boxes and packages so deposited *shall be preserved inviolate* for six months after the election, except that they may be *opened and their contents* examined upon the order of any court of competent jurisdiction." Section 374.

The act provides in careful detail for the proving of the tallies, and for the method of conducting the canvass by the board of inspectors, and for the making and signing by said board of the returns of the canvass, and the filing of said returns. The theory of the act is that the canvass by the county board of canvassers shall be made, in the first instance, upon the returns of the several boards of inspectors, and, when ordered by the court, the ballots marked as "protested," "wholly void," or "wholly blank"; and by section 381 provision is made for the canvass and recount of certain ballots shown by the inspectors' returns to have been protested or canvassed as wholly blank or void. That section reads as follows:

"If any statement of the result of the canvass in an election district shall show that any of the ballots counted at an election therein were protested or were canvassed as wholly blank or void, a writ of mandamus may, upon the application of any candidate voted for at such election in such election district, within twenty days thereafter, issue out of the Supreme Court to the board or body of canvassers, if any, of the return of the inspectors of such election district, and otherwise to the inspectors of election making such statement, requiring a recanvass of such ballots. If the court shall, in the proceedings upon such writ, determine that any such ballot was improperly canvassed, it shall order the error to be corrected. Boards of inspectors of election districts, and boards of canvassers, shall continue in office for the purpose of such proceedings."

It was under this section that the writ of mandamus recited in the relator's affidavit was issued. Under the foregoing provisions of the statute; it is apparent that the only debatable ballots which can be considered by the county board of canvassers are those which have not only been marked as "protested," or "wholly blank," or "wholly void," but have been kept out of the ballot boxes, and placed in the separate packages, and ordered by the court to be canvassed; and it is manifest that grave injustice might be done if a board of inspectors should deposit in the ballot boxes and seal up therein ballots thus marked, and we are of opinion that if, upon an inspection of the ballot boxes under an order granted in pursuance of section 374, supra, it shall appear that ballots marked "protested," "wholly void," or "wholly blank" have by inadvertence or otherwise been deposited in the ballot box, instead of being placed in a separate package, as required by statute, it will lie within the power of the court, under section 381, supra, to determine that such ballot was improperly canvassed by the board of inspectors, and order the error to be corrected.

The election law is a very elaborate and carefully drawn act. The underlying principle of so much of it as relates to the counting and canvassing of the ballots is that this shall be done in the first instance, and so far as possible exclusively, by the election officers; interposition by the courts being provided for only to compel the election officers to perform the duties imposed upon them by the act. It is in order that they may be amenable to the orders of the court in this regard that section 381 continues in office boards of inspectors of election districts and boards of canvassers for the purpose of proceedings in court.

If the inspectors of election in any district improperly place in the ballot box, instead of the separate packages, ballots which have been marked as "protested, wholly void or wholly blank," and thus preclude the county board of canvassers from passing upon such ballots under order of the court, the dereliction is that of the board of election inspectors, and the duty of correcting the error rests upon them. The board of elections is a merely administrative board, and the board of county canvassers is merely a canvassing board. Neither of them has any authority to change the disposition of the ballots made by the inspectors of election. If such change is to be made, it must be by the inspectors, who, in a proper case, may be compelled to act by an order of the court. This we understand to be the effect of the decision of the Court of Appeals in People ex rel. March v. Beam, 188 N. Y. 266, 80 N. E. 921. In that case the inspectors of election had improperly refused to mark as "protested," and to return in separate packages, certain unofficial ballots, which had in fact been protested, but, on the contrary, replaced such ballots in the ballot boxes. The Court of Appeals, while reaffirming its former rulings that under the act then in force a recount of the ballots contained in the boxes could not be compelled by mandamus (People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756; Matter of Hearst v. Woelper, 183 N. Y. 274, 76 N. E. 28), held that it was within the power of the Supreme Court to command that the ballot boxes containing the protested ballots should be opened, and the protested ballots removed and placed in a separate package, as required by law, to the end that any candidate aggrieved by the action of the inspectors might be put in a position to invoke any remedy that might remain open to him. This is a clear authority for the granting of an order, in a proper case, requiring the inspectors of election to perform the duty which they should have performed in the first instance, but is not an authority justifying such an order as the present, directed to the board of elections or the county board of canvassers.

[3] Furthermore, we think that so much of the order appealed from as is seriously called in question is premature. It will be time enough to require the inspectors to act if, and when, it shall appear by an inspection of the ballots in the boxes that there have in fact been locked up in such boxes ballots which should have been placed and returned in the separate packages provided for by the statute.

We are therefore of the opinion that the order appealed from must be modified, by striking out the fifth clause thereof, and, as so modified, affirmed, without costs to either party. All concur.