PEOPLE ex rel. CANTOR v. BOARD OF CANVASSERS OF NEW YORK COUNTY et al. (No. 7422.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

ELECTIONS ⬥275—CONTEST—REVIEW OF CANVASS.

The court has no inherent power to review the action of the election officers or boards of canvassers, and has no authority to vacate a certificate of election issued by the state board of canvassers.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 250–256; Dec. Dig. ⬥275.]

Appeal from Special Term, New York County.

Proceeding by the People, on relation of Jacob A. Cantor, against the County Board of Canvassers of the County of New York and others, in which Isaac Spiegel intervened. From an order denying a motion to cancel, vacate, and annul a statement of the result of a canvass by the County Board of Canvassers of the County of New York, and a certificate of election issued by the State Board of Canvassers of the state of New York, relator appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thomas F. Gilroy, of New York City, for appellant.

Terence Farley, of New York City, for respondent.

Leonard J. Obermeier, Deputy Atty. Gen., for State Board of Canvassers.

A. S. Gilbert, of New York City, for respondent intervener.

PER CURIAM. It is well settled that the court has no inherent power to review the action of the election officers or boards of canvassers, but, before it can act, must find authority to do so in the Election Law. Matter of Tamney v. Atkins, 209 N. Y. 202, 102 N. E. 567. We find no provision of law authorizing the court to vacate the certificates against which this motion was directed.

Order affirmed, with $10 costs and disbursements to the intervener, respondent Isaac Spiegel.