### PEOPLE ex rel. CANTOR v. FORMAN et al. (SIEGEL, Intervener.)

(No. 7646.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

MANDAMUS ☞74—COMPELLING RECANVASSING.

    Mandamus does not lie to compel the inspectors of a congressional election to recanvass the vote and pass upon the validity of ballots which they had first counted as valid.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec.. Dig. ☞74.]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Jacob A. Cantor,. against Thomas Forman and others, to compel recanvassing of ballots. in a congressional election. From an order denying the writ, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

Thomas F. Gilroy, Jr., of New York City, for appellant.
Terence Farley, of New York City, for respondents.
A. S. Gilbert, of New York City, for intervener.

SCOTT, J.   This is one of the 34 mandamus proceedings against the several boards of inspectors of election in the Twentieth congressional district.   In a former proceeding (165 App. Div. 142, 150 N. Y. Supp. 480) it was represented that there were grave discrepancies between the number of blank or void ballots shown by the returns of the inspectors of election to have been counted and the blank and void ballots contained in the envelopes in which such ballots are required to be placed.   The inference sought to be drawn from this fact was that there must remain in the ballot boxes a number of ballots canvassed and marked by the inspectors as blank or void and which should have been, but were not, placed in the envelopes.   We made an order authorizing the examination, but declined to require the defendants in that proceeding (the board of county canvassers) to take any such ballots out of the boxes and put them in the envelopes, saying that only the inspectors of election could be required to do that.   An examination of the ballot boxes has now been had, and the allegation as to the result of such examination is as follows:

"Seventeenth. That with respect to the ballots cast in the Tenth election district of the Twenty-Sixth assembly district, for the office of member of the House of Representatives from the Twentieth congressional district, it appeared, as petitioner has been informed and verily believes, that the defendants, inspectors of election, had failed and neglected to perform the duties of their office, in that certain ballots, which were void by reason of the fact that on some the cross (x) mark had not been made within the circle or voting square, and that certain ballots which were void by reason of the fact that they contained marks other than a cross (x) mark, and that certain ballots which were void by reason of the fact that they contained an erasure or erasures, and that certain ballots which were void by reason of the fact that they were defaced or torn, and that certain ballots which were void by reason of the fact that they had been marked with a pencil other than black lead, all of which ballots should, therefore, have been indorsed by the said inspectors of election, with the memorandum, in the manner and form prescribed by section 369 of the Election Law, in the case of void ballots, and which ballots should have been placed in the envelopes provided for protested, void, and wholly blank ballots, had, as a matter of fact, not been so indorsed, and had been placed in the ballot boxes containing the valid ballots, and had been counted as valid ballots, at the said election, though they were not entitled to be counted as such, for any candidate, at said election.

"Eighteenth. It further appeared that the inspectors of election for the said district failed and neglected to perform the duties of their office, in that they failed, neglected, and omitted to indorse upon the aforesaid void ballots in the ballot boxes, as aforesaid, and in the void, protested, and wholly blank ballots contained in the envelopes provided for them, the memorandum required by law to be indorsed upon each, in the form prescribed by section 369 of the Election Law, showing the disposition they had made of the said ballots on the canvass thereof, and it was therefore impossible to ascertain what disposition had been made by said inspectors of election of said ballots."

What relator now seeks is that the inspectors of election shall be required to now mark and indorse upon certain classes of ballots a statement that they are void, and, having done so, place them in the envelopes containing protested, void, and blank ballots.   What he thus

asks is in effect that the inspectors be required to recanvass the vote passing upon the validity of ballots which they heretofore counted as valid. This is precisely what cannot be compelled by mandamus. People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756; Hearst v. Woelper, 183 N. Y. 274, 76 N. E. 28; People ex rel. March v. Beam, 188 N. Y. 266, 80 N. E. 921; People ex rel. Brown v. Freisch, 109 N. E. 517.

If it appeared at an examination of the boxes that they contained ballots which at the time of the canvass had been passed upon and decided to be and marked as protested, void, or blank, but had not been put in the envelopes provided by law for that purpose, a different question would be presented, as it would have involved only the performance of a ministerial duty on the part of the inspectors to require them to put in the envelopes ballots which should have been put therein at the time of the canvass. That, however, is not this case. The relator states in his brief that the purpose of this proceeding is to preserve for use hereafter in any future remedy he may seek the evidence upon which he bases his claim of election. That evidence can be preserved by obtaining an order under section 374 of the Election Law (Consol. Laws, c. 17) for the preservation of the ballots.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.

---

SENEY v. NEW YORK STATE RYS. (No. 308/89.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1915.)

STREET RAILROADS ☞117—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY

A pedestrian, who sees a car approaching so near and going so fast as to be liable to strike him before he can cross the track, may not as a matter of law rely on the motorman exercising reasonable care, but the question is for the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ☞117.]

Appeal from Trial Term, Herkimer County.