# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING DECEMBER, 1923

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EUGENE E.
WIDMEYER *v.* EDWARD GRUNERT et al.

Supreme Court, Lewis Special Term, December, 1923.

Elections — recanvass of ballots — scope of Election Law, section 330 —
when court is without power to conduct new canvass of all votes cast
— proper remedy is for petitioner to bring action under Civil Practice
Act, section 1208, to try title to office.

The power given to the courts by section 330 of the Election Law, to determine
any question arising in respect to " protested, wholly blank or void ballots shown
upon the statement of the canvass in the election district " and to " direct
a recanvass, or the correction of an error in the canvass of such ballots " is
limited to the consideration of such questions as may arise with regard to such
ballots as were protested at the time of the canvass or were indorsed as void
or wholly blank, noted on the return and filed with the board of elections where
they would be available for examination by the court, and does not empower
the court to examine all of the ballots cast at an election and determine in the
first instance whether any ballot is void or blank as to any particular office.

At the general election held November 6, 1923, the petitioner was the candidate
of the Republican party for the office of supervisor of the town of Croghan,
Lewis county, and the respondent was the candidate of the Democratic party
for the same office. From the canvass of the returns from the several election
districts of the town it appeared that respondent had received 474 votes for
said office. Pursuant to section 333 of the Election Law petitioner, who received
470 votes for said office of supervisor, procured an order for the inspection
of the ballots cast in districts Nos. 2, 4 and 6 of the town and such inspection
was had. Thereafter in a proceeding instituted under section 330 of the
Election Law there was granted an order to show cause why there should not
be a recount of the votes cast for supervisor on the ballots cast in said town,
and that true canvasses and returns made as required by law, and that the
town board of canvassers reconvene and canvass the corrected returns as sub-
mitted, and that the board of elections produce any and all void, protested
and blank ballots as directed, and that the same be properly canvassed. But
it appeared from the petition in said proceeding that there were but three pro-
tested, void and wholly blank ballots which were indorsed as such and returned
by the inspectors of election to the board of elections, one in the first election
district, one in the second election district, and one in the fifth election district,
so that if all of them should be counted for petitioner the result of the election
would not be changed. *Held,* that as the court has no authority to conduct a
new canvass of all the votes, but only authority to examine the ballots that have
been identified and returned for its consideration, petitioner was not entitled to

have determined in a summary manner in a proceeding under the Election Law the questions he wished to raise, but will be relegated for relief to an action to try the title to the office as provided by section 1208 of the Civil Practice Act.

APPLICATION for recount of votes cast for supervisor of the town of Croghan, Lewis county, at the election of November 19, 1923.

*Miller B. Moran*, for petitioner.

*George S. Reed*, for respondent Grunert.

CHENEY, J. At the general election held November 6, 1923, the petitioner Eugene E. Widmeyer was the candidate of the Republican party for the office of supervisor of the town of Croghan, Lewis county, and the respondent Edward Grunert was the candidate of the Democratic party for the same office.

The town board of canvassers canvassed the returns from the several election districts of the town, and from the canvass it appeared that respondent received 474 votes for the office of supervisor, and the petitioner received 470 votes.

Petitioner procured an order from the Supreme Court pursuant to section 333 of the Election Law for the inspection of the ballots cast in districts Nos. 2, 4, and 6 of said town, and such inspection was had. The petition in this proceeding states that the examination of such ballots showed that in the second election district there were six ballots which contained marks which rendered them void or blank so far as the office of supervisor was concerned, but which were counted as votes for the respondent; that in the fourth election district there was one ballot which was so marked as to render it a void ballot, but it had been counted for the respondent; that in the sixth election district the tally sheet showed ninety-eight ballots voted; an examination of the ballots showed that sixty-six of them were voted for respondent, twenty-five of them voted for petitioner, and seven were blank as to the office of supervisor, but that the tally sheets and returns made out by the inspectors of election of that district credited the respondent with sixty-nine votes, the petitioner with twenty-four votes, and reported one hundred and three blank votes for supervisor; that if said ballots had been correctly canvassed and correctly returned, petitioner was elected to said office by a plurality of seven votes.

This proceeding was instituted by an order directed to the candidate Grunert, the board of election commissioners of Lewis county, the town board of canvassers of the town of Croghan, and the boards of election inspectors of the six election districts of the town of Croghan, to show cause why there should not be a recount of the votes cast for supervisor on the ballots cast in said town, and that true canvasses and returns made as required by

law, and that the town board of canvassers reconvene and canvass the corrected returns as submitted, and that the board of elections produce any and all void, protested and blank ballots as directed, and that the same be properly canvassed.

Whatever may have been the previous rule and practice, it is now well settled that there is no inherent power in the courts to interfere in the matter of the orderly canvass of the votes cast at an election and the determination of the results thereof in the manner provided by the Election Law, but that any power thereto must find authorization and support in the express provisions of that statute. *Matter of Tamney* v. *Atkins,* 209 N. Y. 202; *Matter of Whitman,* 225 id. 1; *People ex rel. McCourt* v. *Whalen,* 199 App. Div. 861.

The Election Law was completely revised by chapter 588 of the Laws of 1922, and all of the provisions relating to judicial review are contained in article 14 of that act. Section 330 provides: " The Supreme Court or any justice thereof within the judicial district shall determine any question arising, and make such order as justice may require, *in respect of the following matters:* [Italics are mine] * * * 4. Protested, wholly blank or void ballots shown upon the statement of the canvass in the election district, or any rejected absentee voters' ballots for an election district, in a proceeding instituted by any candidate aggrieved, or the chairman of any committee as defined in section two, against the board of canvassers, if any, of the returns from such district, and otherwise against the board of inspectors of election of such district, both of which boards shall continue in office for the purposes of this subdivision; and the court or justice may direct a recanvass, or the correction of an error in the canvass, *of such ballots,* but a proceeding under this subdivision must be instituted within twenty days of the election."

While section 333 permits of the examination by any candidate of any ballot upon which his name appears, and the preservation of any ballots in view of a prospective contest, no other power is given to the court to order a recount or recanvass of the votes cast at any election.

The power given by section 330 is confined to a recanvass of the " protested, wholly blank or void ballots." In order to determine the meaning of that phrase, recourse must be had to other sections of the law. Sections 216 *et seq.* provide for the manner of canvassing the votes by the inspectors of election immediately after the close of the polls on election day. Section 220 provides that if objection is taken to the counting of any ballot, or as to the counting thereof with respect to one or more offices thereon,

the board of inspectors shall rule upon the objection, and make a memorandum of the ruling upon the back of the ballot; also that any ballot as to the counting of which objection is not taken, but which is wholly blank or void, shall be indorsed on the back thereof with the words " wholly blank " or " void," as the case may be, by the inspectors, and a memorandum of such facts shall be entered in the returns.  Section 226 provides that the inspectors shall inclose the " protested, void and wholly blank ballots " in a separate sealed package and indorse a certificate thereon.  Section 228 provides that in a town, the returns and certain other papers, including the packages of " protested, void and wholly blank ballots " shall be filed with the board of elections.

I am, therefore, of opinion that the power given to the courts by section 330 of the Election Law, to determine any question arising in respect to " protested, wholly blank or void ballots shown upon the statement of the canvass in the election district " and to " direct a recanvass, or the correction of an error in the canvass of such ballots " is limited to the consideration of such questions as may arise with regard to such ballots as were protested at the time of the canvass or were indorsed as void or wholly blank, noted on the return and filed with the board of elections where they would be available for examination by the court, and does not empower the court to examine all of the ballots cast at an election and determine in the first instance whether any ballot is void or blank as to any particular office. In other words, the court cannot conduct a new canvass of all the votes, but only those that have been identified and returned for its consideration.  *People* v. *Whalen,* 199 App. Div. 861, 867; *Matter of Weinfeld,* 203 id. 778; *People ex rel. Brown* v. *Freisch,* 215 N. Y. 356.  The case of *Matter of Smith* v. *Wenzel,* 216 N. Y. 421, is not an authority to the contrary, as it refers to the canvass of votes had by voting machines, as to which other provisions of the Election Law apply.

The court cannot enlarge the provisions of the law and make it applicable to other situations than those expressly contained therein.  *Matter of Tamney* v. *Atkins, supra; Matter of Whitman, supra.*  Therefore, the court is limited to the determination of the questions which arise as to the protested, void and wholly blank ballots which were indorsed as such and returned by the inspectors of election to the board of elections.  It appears by the petition herein that there were but three of these, one in the first election district, one in the second election district, and one in the fifth election district.  If all these votes should be counted for the petitioner, it would not change the result of the election,

and the time of the court should not be taken up in the consideration of merely academic matters. None of the ballots which the petitioner now claims were improperly counted for the respondent were objected to upon the canvass, they were not marked as protested or void ballots, were not identified and separately returned to the board of elections, and cannot be produced before the court except by the production of the boxes containing all of the voted ballots, where they remain unidentified and unseparated.

It is, therefore, clear that the petitioner cannot have the questions which he wishes to raise determined in a summary manner in a proceeding instituted under the Election Law, but must be relegated for relief to an action to try the title to the office as provided by section 1208 of the Civil Practice Act.

The motion is, therefore, denied.

Ordered accordingly.