In the Matter of the Application of DELMER R. HALL for a Determination Declaring Null and Void the Vote of the Electorate of the Town of Delhi, Delaware County, New York, on the Questions Submitted to Said Electorate at the General Election Held November 5, 1935, under the Local Option Provisions of the Alcoholic Beverage Control Law of the State of New York, and for Such Other and Further Relief as the Court May Deem Proper.

Supreme Court, Delaware County, January 11, 1936.

*Close, Grant & Bigelow* [*Donald H. Grant* of counsel], for the petitioner.

*Samuel H. Fancher*, for the respondents H. L. Newkerk and another, as commissioners of election of the county of Delaware.

*Hamilton J. Hewitt*, for A. D. Rowell and others, committee designated in the petition filed for the submission of local option questions.

McNAUGHT, J. The petitioner bases his application in this proceeding upon the provisions of section 330 of the Election Law. The relief sought is in effect a peremptory order of mandamus. Petitioner alleges that all of the votes cast upon the local option questions submitted in the town of Delhi at the general election November 5, 1935, and the ballots presented to voters at such election upon such questions, were void. He seeks to procure an order declaring the vote void and canceling the certificates of the

result filed by the town board with the town clerk, and with the Liquor Authority of the State of New York, as provided by section 143 of the Alcoholic Beverage Control Law.

The public authorities canvassing the results of the election and filing the certificates upon which the right to sell alcoholic beverages in the town of Delhi depends, have unfortunately not afforded the court any aid on this application, having failed to appear. The election commissioners, charged under the provisions of law with the duty of furnishing the ballots for the electorate in conformity to the statute, have filed a notice of appearance only. The petitioner and the committee designated in the petition filed for the submission of such local option questions, have appeared and presented arguments and submitted briefs to the court.

The facts are undisputed. No question arises over the sufficiency or validity of the petition filed for the purpose of securing a vote upon such local option questions. No question arises over the returns of the vote cast in the four election districts of the town of Delhi upon the questions in the form in which they were submitted. The notice provided by statute that such questions would be submitted to the electorate was properly worded in strict conformity to the statute, and was posted and published in the manner prescribed by law. Through an error of a compositor in the printing office supplying the ballots, and the neglect of the officials charged with the duty of furnishing ballots as prescribed by law, the ballots for the town of Delhi delivered to the electorate were improper in form.

The ballots were properly indorsed: " Official Ballot for Local Option Questions Submitted ———— Election District Town of Delhi County of Delaware, N. Y. November 5, 1935." On the face of the ballot the questions under group A prescribed by the Alcoholic Beverage Control Law appeared. The ballot is proper in form, and the questions are in the language prescribed by the law, excepting where the words " town of Delhi " should appear at the end of each question, the words upon the ballot were " town of Andes." It is contended that in this form the ballot was entirely void; that the electors of the town of Delhi could not vote upon the question of selling alcoholic beverages in the town of Andes; that when an elector marked a ballot opposite any of the questions submitted " Yes " or " No " he or she was not voting upon the question as applied to the town of Delhi; that consequently all of the ballots cast in the town of Delhi upon local option questions submitted were void and of no effect; that there was, therefore, no valid election and the town board were without authority or power to certify the result.

On question No. 1 the aggregate vote in the four election districts cast and counted was 557 " Yes," 657 " No." On question No. 2 the aggregate vote in the four election districts cast and counted was 533 " Yes," 640 " No." On question No. 3 the aggregate vote in the four election districts cast and counted was 484 " Yes," 650 " No." In district No. 1, 37 blank votes were cast on question No. 1, 52 on question No. 2, and 69 on question No. 3. In district No. 2, 51 on question No. 1, 62 on question No. 2, and 69 on question No. 3. In district No. 3, 49 on question No. 1, 51 on question No. 2, and 55 on question No. 3. Owing to the form of the returns from election district No. 4, it is impossible to determine the number of blank votes upon each proposition cast in that district, as the total of blank votes upon the three questions submitted have been aggregated. The total upon the three questions was 147.

No ballots have been returned as blank, protested or void, in the manner prescribed by sections 220, 226, 227 and 228 of the Election Law. No protest as to the validity of the ballots was lodged so far as appears from the papers submitted herein, with any one of the boards of inspectors of the four election districts in the town of Delhi. It does not appear that any protest was lodged with any of such boards of inspectors to the counting of the votes cast, or the ballots actually marked which were passed upon by the inspectors. The court is now asked, however, to declare the election void under the provisions of section 330 of the Election Law.

The electors of the town of Delhi were entitled to receive ballots upon which they might exercise their right of suffrage, prepared and supplied in the manner and form prescribed by law. Such ballots were not furnished to them. There would be no substantial foundation, however, for this court holding that the electorate of the town of Delhi were deceived, confused or misled.

The electors of the town of Delhi well knew in voting upon the local option questions submitted they were not voting upon such questions relative to the town of Andes, but they were voting upon them relative to the town of Delhi. We have no doubt the result fairly reflects the public sentiment of the town of Delhi upon the questions submitted. We cannot, however, determine the questions before us upon such assumptions. Elections, the preparation of ballots, and the canvassing of results must be hedged about for the protection of the electorate in securing their will, by provisions of statute. Those provisions are enacted to be observed and to be obeyed.

The law prescribes that when a given number of electors file a petition in proper form with the town clerk within the time specified by the law, requesting a vote of the electorate of a town upon the local option questions in the form prescribed by the Alcoholic Beverage Control Law, they are entitled to have all of the proceedings relative to that vote conform to statute. No question is raised but what the petition in this case was in proper form and was timely filed. It then became the duty of the town clerk to file in the office of the board of elections of the county a certified copy of such petition. The town clerk performed her duty. Ten days before the election it was the duty of the town clerk to cause to be printed and posted in at least four public places in the town a notice of the fact that all of the local option questions provided for in group A would be voted on at the general election and to also publish in a newspaper published in the town the same notice. There is no dispute but what this duty was performed. Under the statutes, when such questions are to be submitted, the board of elections of the county has imposed upon it the duty of having prepared the necessary ballots in the form prescribed by law, bearing upon the face of each in full the questions to be voted upon.

In the instant case it appears that innocently, but carelessly, a compositor in the printing office where the ballots were printed, which office had evidently likewise printed the ballots for local option questions submitted for the town of Andes, failed to change the name of the town on the face of the ballots from Andes to Delhi, although the indorsement was properly changed. The ballots were then evidently delivered by the officials charged with the duty of preparing and delivering them, without examination, for otherwise the error would have been discovered. These ballots were then presented to the electors and voted.

The question which must be decisive of the controversy is whether or not the provisions of section 141 of the Alcoholic Beverage Control Law, specifying the language and form of the local option questions to be submitted, is mandatory or directory. If mandatory, the ballots clearly did not conform to the statute. If directory, the error might be disregarded. We doubt the authority of the court on this application to determine that question. We likewise seriously doubt the power of the court to make the order sought by the petitioner herein.

It has been clearly held that there is no authority for instituting a mandamus proceeding under the Election Law on the relation of a party who is simply interested in the result, but the same can only be instituted upon the application of a candidate. (*Matter of Tamney* v. *Atkins*, 209 N. Y. 202.)

It is also well settled that a proceeding for recounting or recanvassing votes cast at an election can only be entertained under the provisions of the Election Law itself. Judge Hiscock, speaking for the Court of Appeals in *Matter of Tamney* v. *Atkins* (*supra,* at p. 206), said: " It is well settled that this proceeding may not be entertained by virtue of any inherent powers of the court, but must find authorization and support in the express provisions of the statute."

We are, therefore, limited to such powers and the making of such orders as may be authorized by section 330 of the Election Law. This section vests in the Supreme Court jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in the section which it is provided shall be construed liberally. The section is divided into six subdivisions. Subdivisions 4 and 5 are the only ones applicable in this case. Subdivision 4 provides in substance that protested, wholly blank or void ballots shown upon the statement of the canvass of the result in any election district or districts, in a proceeding instituted by any candidate or the chairman of any committee, and returned as provided by sections 226, 227 and 228 may be passed upon and their validity determined by this court, and the court or a justice may direct a recanvass, or the correction of any error in the canvass. Subdivision 5 provides for a correction of the canvass of the returns and vests in the court or justice authority to direct a recanvass or the correction of an error, or the performance of any duty imposed by law on such State, county, city or town board.

Subdivision 4 of section 330 of the Election Law, which is the provision applicable to this proceeding, was formerly a portion of section 381. While the language has been changed, the enactment as covered by chapter 588 of the Laws of 1922, chapter 405 of the Laws of 1924, and chapter 237 of the Laws of 1926, embraces the same subject-matter as the former section. Subdivision 5 has no reference to a recount of the ballots.

" The authority conferred upon the court by this section is confined to a review of the protested, void and blank ballots returned by the election officers in the sealed package." (*People ex rel. Brown* v. *Freisch*, 215 N. Y. 356, 368.)

The section does not confer upon the court any power or authority to pass upon the ballots voted and not returned in sealed packages, nor does it authorize the removal of ballots from the box for the purpose of having the court recount them or direct a recount thereof, or pass upon their validity. (*People ex rel. Brown* v. *Freisch, supra; Matter of Whitman, No. 1,* 225 N. Y. 1; *Matter of Medbury,* 234 App. Div. 26; *Matter of Oliver,* Id. 170; *People ex rel.*

*Widmeyer* v. *Grunert,* 122 Misc. 1; *Matter of Gabelmann,* 136 id. 641.)

In *Matter of Medbury* (*supra*) the Appellate Division in this department, in a *per curiam* opinion in reference to section 333 of the Election Law, said: " This section does not justify a change in the original returns made by the inspectors of election on election night to reflect the result of a recount made at the time of the inspection of the ballots. Neither does it justify a recount of the ballots in the boxes for the purpose of a new and different return."

In *Matter of Oliver* (*supra*), HILL, J., speaking for a unanimous court, in a clear and luminous opinion analyzed sections 330 and 333, and said (at p. 174): " The power granted the courts to ' summarily determine ' concerning certain named subjects and the direction that the section should be ' construed liberally ' does not grant general equity powers to interpret the will of the voters, neither does it abrogate the ancient writ of quo warranto or repeal the statutes of procedure and availability to test the title to a public office." And further (at p. 175), in reference to the authority of the court in such proceeding, said: " The court had no authority in this proceeding to determine that two of the unprotested ballots were void, or to require the boards of inspectors and canvassers to change their earlier returns except in respect of ' protested, wholly blank or void ballots shown upon the statement of the canvass in the election district.' (Election Law, § 330, subd. 4.) Authority as to such ballots existed only if they had been filed with the board of elections (Election Law, § 228), or, if erroneously returned to the ballot box with the unprotested ballots, if they were ' so marked or identifiable as to permit the inspectors to immediately select said ballots from those in the box.' (*People ex rel. Brown* v. *Freisch, supra.*)"

If the court is without power to pass upon the validity of any ballots unless such ballots are returned in a sealed package as wholly blank, protested or void, clearly the court, in a summary proceeding under section 330 of the Election Law, is without power to declare an entire election invalid, when none of the ballots have been returned as blank, protested or void, and when the ballots counted and left in the box in each election district cannot be recounted or their validity passed upon.

Under the former Liquor Tax Law (Laws of 1909, chap. 39) it was provided: " If for any reason except the failure to file any petition therefor, the four propositions provided to be submitted herein to the electors of a town shall not have been properly submitted at such biennial town meeting, such propositions shall be

submitted at a special town meeting duly called." (Liquor Tax Law, § 13.) Under this provision the court was authorized in the event of irregularity or illegality for any reason except the failure to file a petition, to direct the propositions to be submitted at a special town meeting to be called in the manner directed by the court. Unfortunately, there is no similar provision in the Alcoholic Beverage Control Law, even if the court determine that the local option questions were not legally submitted to the electorate of the town of Delhi at the general election November 5, 1935.

The remedy provided by section 330 of the Election Law is not an exclusive one. While the petitioner, in our opinion, is not entitled to the relief sought in this proceeding and cannot obtain such relief by a mandamus order, in a proper proceeding by action he may secure relief if the court in such action so find and determine.

It has been held by the Appellate Division in this department that a candidate legally nominated for an office may maintain an action against the commissioners of election and their clerk to recover damages for their act in so preparing a ballot as to deprive the plaintiff of his rights as a candidate, the court holding that in preparing the ballots the commissioners and their clerk performed a ministerial act and were liable in damages to the plaintiff for so preparing the ballots as to make his election invalid. (*Frank* v. *Eaton*, 225 App. Div. 149.) It would seem the principle there enunciated is applicable to the situation here presented.

The application for the orders sought by the petitioner in this proceeding must be denied, without costs, and the petition dismissed, without prejudice, however, to the institution of such proceeding or the bringing of such an action as the petitioner herein may be advised.

Submit order accordingly.