In the Matter of JOHN J. SCHICK, Petitioner, *v.* T. PAUL KANE, a Justice of the Supreme Court, et al., Respondents.

Third Department, November 21, 1966.

*Franklin P. Gavin* and *J. Sullivan Barr* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Herbert H. Smith, Ruth Kessler Toch* and *William J. Kogan* of counsel), for T. Paul Kane, Justice of the Supreme Court, respondent.

*Ewig & Beck (George A. Beck* of counsel), for James T. McCardle, respondent.

HERLIHY, J. This is an article 78 proceeding in the nature of prohibition to enjoin a Justice of the Supreme Court from hearing a case brought on by the respondent pursuant to subdivision 4 of section 330 of the Election Law.

The issue is whether the procedure adopted by a Justice of the Supreme Court resulted in loss of jurisdiction of the proceedings.

The petitioner Schick and the respondent McCardle were candidates for the position of Democratic State committeemen in the 99th Assembly District in this year's primary. Within the time specified by subdivision 4 of section 330 of the Election Law McCardle, who lost the primary battle, obtained a show cause order signed by Justice BRUHN for the purpose of examining the paper ballots. This order was returnable " at a Special Term of the Court to be held before the undersigned at his chambers at the Albany County Court House * * * on the 22nd day of July, 1966 ".

However, Justice BRUHN was neither scheduled at any sort of a term on July 22, nor does he maintain any chambers in Albany. On July 22, Schick moved to strike the note of issue on the ground that the motion brought by the order to show cause was not properly before that Special Term. At that point Justice KANE reserved decision and thereupon Justice BRUHN was contacted and he signed an order pursuant to CPLR 2217 (subd. [c]), dated July 22, that was received in the mail the next day by the parties which ordered the matter transferred before Justice KANE at such time and place as he might direct.

The petitioner first contends that the order of transfer of Justice BRUHN was ineffective because his jurisdiction expired at midnight on the return date. However, from the facts set forth above, it is clear that the transfer was duly ordered by

Justice BRUHN on July 22 and prior to the expiration of the return date of the order to show cause.

The other contention of the petitioner seems to be that the jurisdiction obtained by Justice BRUHN under the show cause order only conferred jurisdiction in the Special Term and that since Justice BRUHN did not appear at such Special Term or in Albany on the return date, the jurisdiction expired.

Subdivision 4 of section 330 of the Election Law requires that a proceeding thereunder "must be instituted within twenty days of the election." This show cause order was obtained and served within the 20 days. In *Matter of Tamney* v. *Atkins* (151 App. Div. 309, revd. on other grounds 209 N. Y. 202) this court held that under the Election Law the obtaining and service of a show cause order constituted the institution of a proceeding for review. Pursuant to CPLR 2212 the order to show cause could properly be made returnable to the Justice issuing such order out of court. In the instant case that Justice could not be present on the return date and accordingly ordered it transferred to another Justice to be heard when such other Justice might determine. The order was made on the return date. We find no lapse of jurisdiction in this case and since prohibition does not lie unless there is a lack of jurisdiction or the court is exceeding its jurisdiction, the petition herein must be dismissed.

The petition should be dismissed.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Petition dismissed, without costs.