In the Matter of the Application of ALEXANDER B. LARKIN, Appellant, for a Writ of Mandamus.

JAMES PALMER and Others, Respondents.

*Town elections — mandamus to compel a recount — when injury to the relator or that ballots were improperly rejected need not be alleged — the writ authorized by section 114 of the Election Law, when issued.*

An alternative writ of mandamus, obtained by a candidate defeated at a town meeting election, commanding the board of inspectors to reconvene and recount the ballots cast, states facts sufficient to warrant its issue, where it alleges that the board of inspectors did not observe the method of counting provided by statute (Subd. 3 of § 110 of the Election Law, Laws of 1896, chap. 909), but that each of the persons engaged in counting took a portion of the ballots, and, after counting the same, declared the result both as to the straight and split tickets, and as to those which he considered defective and void, without passing any of them from one person to the other for verification; that a number of ballots were rejected as defective and void; that a recount in the manner required by statute was necessary to determine whether such rejected ballots should have been counted, and that upon such recount it might appear that the relator was elected.

Such a writ need not allege that the relator had been injured or that any of the ballots were improperly rejected as void and should have been counted for him, as he is entitled to have the count conducted as required by law in order to be able to specify where there has been error to his prejudice:

*Quære*, whether the writ of mandamus, authorized by section 114 of the Election Law to be issued to determine whether ballots rejected as void should be counted, is not applicable only to cases where the alleged void ballots have been separately returned in a sealed envelope.

APPEAL by Alexander B. Larkin from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Schoharie on the 2d day of August, 1899, dismissing an alternative writ of mandamus and denying the relator's application for a peremptory writ.

At the town meeting held in and for the town of Richmondville on the 21st of February, 1899, the applicant, Alexander B. Larkin, was a candidate for supervisor. His opponent was declared elected by a majority of ten votes, the whole number of ballots cast being 529. Thereupon, Larkin applied at Special Term on March 11, 1899, for, and obtained, an alternative writ of mandamus directed to the board of inspectors requiring a recount. In this writ it was alleged that the board of inspectors did not observe the method

of counting the ballots as provided by statute, but that each of the inspectors, together with certain persons employed as clerks to the board, took from the whole number of ballots a certain number and counted them, and declared the result both as to the straight and split tickets and what he regarded as defective and void ballots, and without passing the split tickets or any of the tickets from one to the other for inspection; that the board rejected 43 of the ballots as defective and void and they were not counted; that upon a recount, conducted in the manner required by the statute, it may appear that the ballots, or some of them, which were rejected as defective and were not counted, may not in reality be defective and void, but ought to be counted, and that a recount is necessary to determine whether the rejected ballots, or any of them, shall be counted, and that upon a recount said Larkin may have a majority of the legal ballots voted for supervisor. The writ required the board to meet at a day named and publicly recount the ballots in the manner provided by statute, and declare and enter the result with a full statement of the reasons why any ballot had been rejected as defective and void and not counted, or show cause at a Special Term on the 8th of April, 1899. They were directed to make return pursuant to section 2072 of the Code of Civil Procedure, and as part thereof return all the ballots cast at the town meeting. On the 31st of March, 1899, the board filed their return. They admitted the holding of the town meeting and the candidacy of the relator, and that his opponent was declared elected, and stated that the whole number of votes cast was 529; that of the straight ballots the relator received 119 and his opponent 113; that the number of split ballots was 297, of which 43 were rejected by the board as defective and void and none of them counted; that Holmes, an officer of said election, had 80 ballots to count of which 8 were rejected, and a like statement was made as to each officer, giving the number each had and the number rejected. There was a general denial of all the other allegations in the alternative writ. They also alleged that the 43 rejected ballots consisted of blank and void ballots and were so declared and determined; that the split ballots were duly passed from one inspector to the other for verification and were examined by all the inspectors. All the ballots cast at the town meeting were returned.

At the hearing on the eighth of April, the defendants moved to dismiss the alternative writ upon the ground, as stated in the order appealed from, that it does not state facts sufficient to warrant its issuing. Affidavits were read, upon the part of the defendants, relating to the manner in which the canvass was made and the character of the defects for which the ballots were rejected, and thereupon, upon the alternative writ and order to show cause and the return and the affidavits, the order appealed from was made.

*L. W. Baxter*, for the appellant.

*E. A. Dox* and *G. M. Palmer*, for the respondents.

MERWIN, J. :

The main question here is whether the alternative writ states facts sufficient to warrant its issuing. It states that, in counting the ballots, each person engaged in counting took from the whole number of ballots a certain number and counted the same and declared the result both as to the straight and split tickets and what he regarded as defective and void ballots without passing the split tickets or any of the tickets from one to the other for verification. This was not in accordance with the Election Law. That provides (Laws of 1896, chap. 909, § 110, subd. 3) that the straight ballots shall be separated from the split ballots and counted, and the number for each candidate entered opposite his name on each tally sheet; that then the chairman of the board shall take the split ballots separately and announce the vote for each candidate on each such ballot in the order of the offices printed thereon, and each poll clerk shall make an accurate tally of the same, and as the votes on each split ballot are counted, such ballots shall be passed to the other inspectors for verification.

But it is said that there is in the alternative writ no allegation of injury to the relator, or that any of the ballots rejected as void and not counted were not, in fact, void, or should have been counted for the relator. The relator was entitled to have such count as the law required to enable him to ascertain whether or not the count was correct. This he needed in order that he may, if necessary, be able to specify wherein there is error to his injury. He alleges, generally, that a recount is necessary to protect his rights. The fact that so large a number was rejected is, in itself, in view of the

small majority as declared, a circumstance that might well induce a candidate to ask for investigation. It should not, I think, be held that, under the allegations of the alternative writ, the relator was not entitled to relief.

The further question arises whether the motion of the relator for a peremptory writ was properly denied.

In the return of the board to the alternative writ it is practically admitted that the provisions of the statute as to the counting of split tickets were not followed. The straight were not separated from the split and first counted, and the chairman did not take the split ballots separately and announce the vote. There were 297 split ballots out of a total vote of 529. It is hardly necessary to say that the affidavits used at the Special Term cannot be considered upon the question of the character and invalidity of the rejected ballots.

Under section 114 of the Election Law, a writ of mandamus may be issued to determine whether any ballot and the votes thereon, which has been rejected by the inspectors as void, shall be counted. It may be that this is only applicable to cases where the void ballots have been indorsed and returned in a sealed envelope with the statement of the canvass, which in the present case does not seem to have been done. The defendants do not claim that it was done. If that provision does not apply at the present stage of this case, then, under the general rule that mandamus will lie to compel the performance of an official duty, clearly prescribed by law on the part of a public officer or board (*People ex rel. Emerson* v. *Aldermen*, 65 Hun, 302), the relator is entitled to relief. When the defendants make a canvass and return as provided by law, the relator then will be in a position to assert such rights as he may have in regard to rejected ballots. The statutory provision for a mandamus evidently contemplates that an interested party shall have all reasonable opportunity to investigate the character of ballots rejected as defective and void.

The motion of the relator for a peremptory writ should have been granted.

All concurred.

Order reversed, with ten dollars costs and disbursements, and peremptory mandamus for a recount granted, returnable at Special Term.