In the Matter of the Application of JAMES D. SMITH, Respondent, for a Writ of Mandamus against CHARLES WENZEL, Clerk of the County of Oneida, et al., Defendants, and JOHN G. THOMAS, Appellant.

Elections — voting machines — mistake in reading vote shown on voting machines — when courts may issue mandamus directing election clerks to make correct returns and directing board of canvassers to recanvass the vote.

A mistake by the inspectors of election in reading the vote for mayor as shown on a voting machine was discovered after the machine had been locked and the official returns sealed, but before the inspectors of election had filed their return with the commissioners of election. The inspectors decided that they could lawfully make no change in the return, but explained their mistake to the commissioners. They also failed as required by the statute (Election Law, Cons. Laws, ch. 17, § 413) to certify the total number of votes as shown on the public counter of the voting machine. If this had been done, it would have appeared that their return, as filed, showed more votes for the candidates for mayor than voters. No discrepancy being shown on the face of the return the county board of canvassers did not order a recanvass of the vote. The Election Law (§ 416) contains provisions for a recanvass of the vote on election machines under the direction of the county board of canvassers *whenever it shall appear that there is a discrepancy in the returns of any election district.* In this case if the inspectors had done their duty and certified the total number of votes as shown on the public counter of the machine, a discrepancy in the returns would have appeared, and they may be required by mandamus to make a correct return.

*Matter of Smith* v. *Wenzel*, 171 App. Div. ——, affirmed.

(Argued December 15, 1915; decided December 17, 1915.)

APPEAL from an order of the Appellate Dvision of the Supreme Court in the fourth judicial department, entered December 9, 1915, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the inspectors of election to make a corrected return and the board of canvassers of Oneida county to recanvass the vote for mayor of the city of Utica in the second election district of the second ward of said city.

The fact, so far as material, are stated in the opinion.

*Richard R. Martin, L. N. Southworth, Seward A. Miller* and *A. G. Senior* for appellant. That part of the final order directing the issue of a writ of mandamus commanding the inspectors of election to correct their return was unauthorized in the absence of any statutory provision therefor. (*People ex rel. Blodgett* v. *Bd. of Town Canvassers,* 44 N. Y. S. R. 736; *People ex rel. Gaige* v. *Reardon,* 49 Hun, 425; *People ex rel. Fiske* v. *Devermann,* 83 Hun, 181; *People ex rel. Russell* v. *County Board of Canvassers,* 46 Hun, 390; *People ex rel. Bush* v. *County Canvassers,* 66 Hun, 265; *Matter of Kline,* 17 Misc. Rep. 672; *People ex rel. Brink* v. *Way,* 179 N. Y. 174; *Matter of Hearst* v. *Woelper,* 183 N. Y. 274; *People ex rel. March* v. *Beam,* 188 N. Y. 266; *People ex rel. White* v. *Bd. of Supervisors,* 192 N. Y. 539; *Tamney* v. *Atkins,* 209 N. Y. 202.) That part of the final order directing the issue of a writ of mandamus commanding the board of canvassers to canvass corrected returns from the disputed district was unauthorized and unwarranted. (2 Fiero on Special Proceedings [3d ed.], 1356; High on Extra. Rem. 14, § 12; *People ex rel. Derby* v. *Rice,* 128 N. Y. 461; *People* v. *Cook,* 8 N. Y. 67; *People ex rel. Bailey* v. *Supervisors,* 12 Barb. 217; *Kortz* v. *Board of Canvassers,* 12 Abb. [N. C.] 84; *People ex rel. Noyes* v. *Board of Canvassers,* 126 N. Y. 392; *Matter of Noyes,* 34 N. Y. S. R. 126.)

*Warnick J. Kernan, Daniel E. Meegan* and *George C. Morehouse* for respondent.   The facts presented establish a proper case for the issuance of a peremptory writ of mandamus.   (Code Civ. Pro. §§ 2090, 2070; 2 Fiero on Special Proceedings [2d ed.], 1210; *People ex rel. Harris* v. *Commissioners,* 149 N. Y. 30; *People ex rel. Decker* v. *Parmelee,* 22 Misc. Rep. 380; *People ex rel. Ranton* v. *Board of Aldermen,* 88 Hun, 203; *People ex rel. March* v. *Beam,* 188 N. Y. 266; *People ex rel. McLaughlin* v. *Ammenwerth,* 197 N. Y. 340; *People ex rel. Brown* v. *Freisch,* 215 N. Y. 359; *People ex rel. Hanness* v. *Douglass,* 142 App. Div. 224; *Sturtevant* v. *Armstrong,* 116 App. Div. 103.)   The power to issue the writ is inherent in the court and is entirely independent of the Election Law.   (*Smith* v. *Schiellin,* 95 N. Y. 124; *Matter of Stewart,* 155 N. Y. 545; *Gleason* v. *Blanc,* 14 Misc. Rep. 620; *People ex rel. Decker* v. *Parmelee,* 22 Misc. Rep. 380; *People ex rel. Hanness* v. *Douglass,* 142 App. Div. 224; *People ex rel. McLaughlin* v. *Ammenwerth,* 197 N. Y. 346; *People ex rel. Maxim* v. *Ward,* 62 App. Div. 531.)

Pound, J.   At the election held in the city of Utica on November 2, 1915, voting machines were used.   Appellant and respondent were candidates for mayor.   In the second election district of the second ward, as indicated by the voting machine, at the close of the polls, 447 electors voted.   Of these 425 voted for mayor.   Appellant received 137 votes, respondent received 281 votes, other candidates received 7 votes.   These facts are undisputed. On the official returns appellant was, by mistake in reading the machine, given 182 votes.   As a result, on the face of the returns he appears to be elected by a plurality of 31 votes.   If these votes credited to him by mistake are deducted from his total, respondent's plurality is 14. The mistake was discovered after the machine had been locked and the official return sealed, but before the inspectors of election had filed their return with the com-

missioners of election. The inspectors decided that they could lawfully make no change in the return, but they explained their mistake to the commissioners. They also failed to certify as required by section 413 of the Election Law (Cons. Laws, ch. 17) the total number of votes as shown on the public counter of the voting machine. If they had certified this number, 447, it would have appeared that their return as filed showed 470 votes for mayor or 23 more votes than voters. The county board of canvassers did not order a recanvass of the vote because no discrepancy appeared in the returns.

On these facts, the machine having been opened in court, a peremptory writ of mandamus was, at the instance of respondent, directed to the inspectors and poll clerks requiring them to make and file a correct return, and to the board of canvassers to recanvass the same. From the order granting the writ an appeal was taken to the Appellate Division which affirmed the same, whereupon appellant appealed to this court.

The contention of appellant is that mandamus will not lie because the Election Law makes no provision therefor and that this proceeding may not be maintained by virtue of any inherent power of the court. Cases are cited holding that no recount of ballots (other than void, protested and blank ballots under Election Law, § 381) may be had for the correction of fraud or mistake by direction of a court or judge. (*People ex rel. Brink* v. *Way*, 179 N. Y. 174; *Matter of Hearst* v. *Woelper*, 183 N. Y. 274; *People ex rel. March* v. *Beam*, 188 N. Y. 266; *Matter of Tamney* v. *Atkins*, 209 N. Y. 202.)

Although the court cannot command a recount of ballots already counted, it has been recently held that mandamus will compel inspectors to meet and count ballots which have been "protested as marked for identification" and which they have not counted for any candidate, and to make a corrected and true return thereof. (*People ex rel. McLaughlin* v. *Ammenwerth*, 197 N. Y. 340.)

And mandamus will lie to require inspectors to open a ballot box and remove therefrom the protested ballots that have been placed therein contrary to the provisions of the Election Law. (*People ex rel. Brown* v. *Freisch,* 215 N. Y. 356, 373.)

Doubtless it is a safe and sound practice to distinguish carefully between a recount and recanvass of ballots and an examination thereof merely to preserve evidence for use in an action in the nature of quo warranto to try title to public office, and thereby to sustain the underlying principle of the Election Law which prevents the courts from reviewing the ministerial work of inspectors and canvassers in counting and canvassing votes. This, however, is not in the nature of a proceeding for a recount of ballots. It is a proceeding for the correction of error in the election district statement. The Election Law (§ 416) contains provisions for a recanvass of the vote on election machines under the direction of the county board of canvassers *whenever it shall appear that there is a discrepancy in the returns of any election district.* In this case if the inspectors had done their clear legal duty and certified the total number of votes as shown on the public counter of the machine, a discrepancy in the returns would have appeared. It would then have been the duty of the county board to direct the inspectors to open the machine, ascertain if the original statement had been correctly made, and if it had not been correctly made, to cause their canvass to be correctly stated. The inspectors omitted to make a complete return and the county canvassers refused to order the vote to be recanvassed. All concede that the discrepancy existed and that the mistake was made. The inspectors and the county canvassers failed to perform what now appears to be their clear legal duty. The court may and should compel them to perform this duty.

CULLEN, Ch. J., in the dissenting opinion in *People ex rel. McLaughlin* v. *Ammenwerth* (*supra,* at p. 346), while

laying down the strict rule that after an election return, *regular on its face,* has once been made it cannot be altered, makes it plain that no such rule applies to returns irregular on their face. He says, "no discrepancy appears between the aggregate of the ballots voted, and the number of votes cast." If such a discrepancy existed, if the return indicated, for example, that one candidate had received more votes than the total number of votes cast in the district, it would be a harsh rule that the remedy must be found only by quo warranto. If the return is irregular on its face, and the facts are not in dispute, the court does not lack power to correct discrepancies due to clerical mistakes in returning the vote. No hardship can result therefrom, for the election certificate of the successful candidate will then rest, not on an inspector's mistaken reading of the vote from the machine, but upon the vote as recorded by the machine.

The inspectors appeared in court and asked that they be permitted to correct the mistake. The county canvassers. are not parties to this appeal.

The order should be affirmed, without costs.

Willard Bartlett, Ch. J., Chase, Collin, Cuddeback, Hogan and Cardozo, JJ., concur.

Order affirmed.