Matter of the Application of CHARLES F. RATTIGAN
for a Writ of Mandamus *v.* LEONARD H. SEARING
et al., Constituting the County Board of Canvassers
of Cayuga County, etc.

(Supreme Court, Cayuga Special Term, November, 1918.)

Mandamus — peremptory writ — board of canvassers — faulty adjustment of voting machine.

> Where one was both the Republican and the Prohibition
> candidate for the office of governor, and solely because of the
> faulty adjustment of the voting machine an elector voted
> twice for a candidate for governor, once in the Republican
> row and once in the Prohibition row, his vote should not be
> thrown out, but should be recorded and canvassed as one vote
> for governor, and the court has inherent power to direct that
> this be done and a peremptory writ of mandamus will issue
> directing the board of canvassers in making and completing
> their canvass of the votes cast in said election district to state,
> declare, certify and canvass the votes cast therein for the office
> of governor, as indicated in the opinion of the court herein.

APPLICATION for a peremptory writ of mandamus.

Richard C. S. Drummond, for petitioner.

Frank S. Coburn, for board of county canvassers.

John Taber (William S. Elder, of counsel), for
Republican county committee.

CLARK, J.  This is an application for a peremptory
writ of mandamus requiring the board of canvassers
of Cayuga county to state, declare and canvass certain
votes in the first election district of the town of Moravia in said county.

The facts in this case are not in dispute.  At the

Supreme Court, November, 1918.      [Vol. 105.

general election held on the 5th day of November, 1918, a standard voting machine was used in the first election district of said town of Moravia. At such election in said district 388 electors voted, all using said voting machine, and the counter of said machine recorded the fact that 388 persons, and only that number, voted at said election in said district. By an oversight on the part of some local official, but which did not involve any fraud, the voting machine before being put in use was not adjusted so as to prevent an elector from voting more than once for a candidate for the office of governor. At the close of the election in said district November 5, 1918, the voting machine used was inspected and it was found that it registered and recorded an excessive number of votes for candidates for governor, whereas only 388 electors voted in said district, the machine recorded the fact that there had been 525 votes cast for the office of governor, as follows:

| | |
|---|---|
| For Charles S. Whitman (Republican) | 226 |
| For Charles S. Whitman (Prohibition) | 178 |
| Total votes for Charles S. Whitman | 404 |
| For Alfred E. Smith (Democrat) | 109 |
| For Charles W. Ervin (Socialist) | 12 |
| Total | 525 |

It is evident that the discrepancy occurred because the machine had not been adjusted so that after an elector had voted once for governor it would be locked and prevent said elector from again voting for a candidate for governor. The result was that in case a Republican desired to vote a straight ticket he would

pull down each lever in the upper row and the machine would record two votes for governor instead of one.

The name of Charles S. Whitman appeared only once in the Republican row upon the voting machine and ballot labels, yet the names and emblems of both the Republican and Prohibition parties appeared on said ballot labels, each with the name of Charles S. Whitman, first the Republican name and emblem, and second and immediately at its right the Prohibition name and emblem. The machine not being properly adjusted, a Republican elector would vote by pulling down the lever immediately over the name of Charles S. Whitman as the Republican candidate. The elector, if he desired to vote a straight ticket, would then pass along to the right, pulling down the next lever, which would record a Prohibition vote for Charles S. Whitman for governor, whereas, if the machine had been properly adjusted that lever would have been locked, thus preventing two votes for a candidate for governor by the same elector. The machine not having been properly adjusted the result was an excessive number of ballots in said district for candidates for governor.

When this discrepancy was discovered a recanvass was had precisely in accordance with the provisions of section 416 of the Election Law, and after the completion of the examination and test therein provided it was found that the original canvass of the returns had been correctly made from the machine and that the discrepancy still continued.

Under these circumstances the relator contends that in making and completing their canvass of the votes cast in district number one of the town of Moravia, Cayuga county, at the general election held November 5, 1918, and in making the separate statements of the votes cast for the office of governor at such election, the board of county canvassers should disregard the

figures and statements appearing in the original statement of the canvass and returns of the votes cast in the first election district of said town, because the number of votes cast for the office of governor therein exceeded the number of electors who voted in said district at said election. In other words, relator urges that all the votes cast in said district for candidates for governor should be thrown out.

This would be a manifest injustice. It would not do to disenfranchise the electors of an entire district, thus depriving them of a constitutional right, · simply because of a mistake made by the custodian of a voting machine when such mistake was not intentional and when no fraud was involved. *People ex rel. Deister* v. *Wintermute,* 194 N. Y. 99.

The statement of canvass of the said general election so far as its affects the first election district of the town of Moravia in said county, which was used on the argument, points the way to a just solution of this controversy. It shows that the Republican candidate for governor, Charles S. Whitman, received 226 votes. The highest number of votes cast in said district for any Republican candidate was 235, the Republican candidates for state engineer and surveyor and justice of the Supreme Court each having received that number of votes in said district. The lowest vote cast in said district for any Republican candidate was 195. The statement of canvass shows that Charles S. Whitman, the Republican candidate for governor, ran slightly behind his associates on the state ticket.

Alfred E. Smith, the Democratic candidate for governor, received in said district 109 votes, he running slightly ahead of his ticket in said district. The lowest number of votes cast for any Democratic candidate was 97. It is clear that because of the defect in the machine many Republicans, after having voted for

Charles S. Whitman as the Republican candidate for governor, voted for him also as the Prohibition candidate, he thus receiving two votes in many instances from the same elector.

There is no reason for throwing out the entire vote for governor in said district. If without any fault of the elector, but because of faulty adjustment of the voting machine an elector voted twice for a candidate for governor, the vote should not be thrown out, but should be recorded and canvassed as one vote for governor, and I think the court has inherent power to direct that this be done by mandamus, and thus avoid the slow process of reaching an adjustment of this controversy by quo warranto proceedings. *Matter of Smith* v. *Board of Canvassers,* 92 Misc. Rep. 607; *Matter of Smith* v. *Wenzel,* 216 N. Y. 421.

My conclusion therefore is that a peremptory writ of mandamus should issue directing the county board of canvassers of Cayuga county in making and completing their canvass of the votes cast in district No. 1 of the town of Moravia, at the election held November 5, 1918, to state, declare, certify and canvass the votes cast in said district for the office of governor as follows:

| | |
|---|---:|
| For Charles S. Whitman (Republican) | 226 |
| For Charles S. Whitman (Prohibition) | 3 |
| Total........................ | 229 |
| For Alfred E. Smith (Democrat)..... | 109 |
| For Charles W. Ervin (Socialist)..... | 12 |
| Total........................ | 350 |

It would probably be possible to get proof by affidavit, or otherwise, to show precisely how many votes

were cast for Charles S. Whitman as the Prohibition candidate when the elector did not vote for him as the Republican candidate, and did not vote for any other candidate for governor. Affidavits of three electors have been filed showing that said electors pulled down the knob over Whitman's name over the Prohibition emblem but did not pull down the knob over said Whitman's name over the Republican emblem. Under these circumstances Charles S. Whitman should have the benefit of these three votes as above indicated.

This would of course show fewer votes for candidates for the office of governor than were actually cast in said district, 388 votes having been cast, but in the absence of additional evidence of electors who pulled down the knob over Whitman's name under the Prohibition emblem and who did not pull down the knob over his name under the Republican emblem, a different direction would not be supported by evidence. An order may be entered in accordance with these views.

Ordered accordingly.