In the Matter of the Application of FREDERIC KERNOCHAN for the Examination of Voting Machines in the County of New York Pursuant to the Provisions of Section 333 of the Election Law.*

Supreme Court, New York County, December 11, 1933.

*Spence, Hopkins & Walser* [*Kenneth M. Spence* of counsel], for the petitioner, for the motion.

*Carl Sherman*, for the respondent Owen W. Bohan, opposed.

*Thomas W. A. Crowe, Assistant Corporation Counsel*, appearing on behalf of the Board of Elections of the City of New York.

WASSERVOGEL, J. The petitioner, Frederic Kernochan, who was the candidate of the Republican and City Fusion parties for the office of judge of the Court of General Sessions of the County of New York at the general election held on November 7, 1933, applies for an order permitting the inspection of voting machines in the county of New York, pursuant to the provisions of section 333 of the Election Law. The respondent, Owen W. Bohan, was the candidate of the Democratic and Jefferson parties for the same office at the same election. The official canvass of votes cast for this office at such election, which were tabulated by the board of elections, constituting the board of canvassers of the county of New York, shows that the petitioner received 204,348 votes and the respondent 207,115. Upon the face of the official canvass, therefore, respondent received a plurality of 2,767 votes.

There are 1,005 election districts in the county of New York. In most instances there was one voting machine in each election district and in some instances, where the registration for the election

* See, also, 149 Misc. 178.

district was unusually heavy, two machines and sometimes three machines were provided. Altogether 1,056 machines were used in the county of New York.

In behalf of the petitioner 193 affidavits were submitted; four deal with a general charge of intimidation of voters, arrests, payment to voters and violence during voting hours.

Sixty-nine allege that there was only one call of the number of votes appearing on the counter on the back of the voting machines and that the additional call for verification and a call by way of proclamation of the votes as required by section 262 of the Election Law were not made.

Twenty-five affidavits allege that the counter numbers were not called nor were the votes read by the chairman of the board of inspectors.

Thirty affiants claim that in some instances where there was a second call it was not made by an inspector of opposite political faith from that of the chairman.

Fourteen affidavits allege that full view of all the counter numbers was not allowed to watchers and other persons lawfully present in the election districts referred to in these affidavits.

Four affidavits recite the failure of one or more inspectors to sign the certificates required by statute and state the numbers registered on the protective counters of the voting machines.

Twenty-nine affiants declare that the provision of the statute requiring two inspectors of opposite political faith to that of the chairman and the inspector who read off the vote to exchange places with the chairman and such inspector and again call off the vote was not complied with.

Thirteen affidavits are presented to show general misconduct on the part of inspectors while the voting was going on and before the count commenced.

Five affidavits allege discrepancies in the vote announced, to petitioner's detriment.

In opposition the respondent submitted 221 affidavits covering the polling places in the election districts referred to in petitioner's affidavits.

One hundred and eighty-four of respondent's affidavits refer to the manner in which votes were counted, announced and recorded.

Fourteen deny that watchers were not permitted to observe the figures on the voting machines.

Six deny the general charges of misconduct on the part of inspectors before the commencement of the canvass.

The other affidavits tend to corroborate the affidavits just referred to.

The purpose of the inspection of the voting machines provided for by section 333 of the Election Law, is to ascertain " the best existing evidence of the actual vote at the election which might be available for use in subsequent legal proceedings." (*Matter of Barrett*, 209 App. Div. 217.)

Prior to the enactment of section 333 of the Election Law, the inspection of ballots by a defeated candidate was a matter of right. It is conceded that this section of the Election Law which covers voting machines as well as ballots makes such inspection discretionary.

On the evidence submitted as disclosed by the affidavits a general inspection of all the voting machines used in the county of New York at the recent election is not warranted at this time.

Counsel for respondent has, however, consented to an inspection in five election districts where it is claimed discrepancies exist and the voting machines in fourteen election districts where the charge is made that watchers were not permitted to observe the figures on the counters of the machines.

A sufficient showing has been made in petitioner's behalf to require the court in the exercise of its discretion to permit an inspection of 143 voting machines in addition to those to the inspection of which respondent has consented, making a total of 162.

The inspection permitted will be of the voting machines which were located in the following election districts in the Assembly districts indicated:

First Assembly district, 8, 28, 31, 32 and 33 election districts.

Second Assembly district, 11 and 22 election districts.

Third Assembly district, 28 election district.

Fourth Assembly district, 4 and 19 election districts.

Fifth Assembly district, 5, 11, 15, 18, 30, 36 and 40 election districts.

Sixth Assembly district, 9 and 11 election districts.

Seventh Assembly district, 2, 3, 7, 8, 11, 12, 14, 21, 22, 42, 48, 50, 51, 52, 58 and 59 election districts.

Eighth Assembly district, 1, 2, 5, 6, 7, 8, 9, 11, 12, 13, 16 and 25 election districts.

Ninth Assembly district, 1, 11, 22, 33, 40, 46, 53 and 55 election districts.

Eleventh Assembly district, 3, 5, 6, 10, 11, 12, 16, 17, 18, 19, 22, 23, 24, 25, 26, 30, 31, 35, 38, 40, 41, 43, 44, 46, 47, 48, 49, 50, 52 and 53 election districts.

Twelfth Assembly district, 5, 8, 9, 11, 12, 14, 22, 23, 31, 33, 39, 42, 43, 45 and 47 election districts.

Thirteenth Assembly district, 15, 16, 17, 18, 19, 21, 22, 23, 24, 30, 31, 32 and 33 election districts.

Sixteenth Assembly district, 4, 5, 13, 36, 37 and 38 election districts.

Seventeenth Assembly district, 1, 4, 5, 8, 11, 12, 13, 18, 21, 24, 25, 27 and 42 election districts.

Nineteenth Assembly district, 6, 12, 20, 24, 26, 28, 31, 32 and 33 election districts.

Twenty-first Assembly district, 18, 22, 24, 29, 31, 34 and 42 election districts.

Twenty-third Assembly district, 2, 3, 9, 20, 30, 35, 40, 41, 43, 48, 53, 55, 56 and 59 election districts.

An inspection of the other voting machines, which are referred to in the petitioner's affidavits, is denied at this time, for the reason that the incidents complained of occurred during the hours when the voting was in progress and prior to the commencement of the canvass.

If the inspection which is permitted is had, and as a result thereof substantial errors are shown, an application may be made at the foot of the order to be entered hereon on two days' written notice for permission to examine the balance of the voting machines used in the county of New York on November 7, 1933.

It appears that the board of elections has, pursuant to its canvass, determined that the respondent was elected to the office of judge of the Court of General Sessions and in accordance with the provisions of section 276 of the Election Law has transmitted to the Secretary of State his name and residence as the person duly elected to such office. Based on its determination the board of elections has executed a certificate of election to the respondent, but has not transmitted it to him because of a stay contained in the order to show cause by which this proceeding was instituted.

The issuance and delivery of a certificate of election by the board of elections to the respondent may not be halted at this time. The rights of petitioner are amply protected by the provisions of section 278 of the Election Law. The stay of the issuance of a certificate of election to respondent heretofore granted is, therefore, vacated. The order to be entered hereon on one day's notice is to provide for the payment of the expenses of the board of elections in connection with the inspection permitted. Counsel are requested to attend at chambers on the settlement of the order.