THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROY REED, Appellant. — Judgment of conviction affirmed. All concur. (The judgment convicts defendant of the crime of adultery.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

In the Matter of the Application of HOWARD L. PETTIT, Appellant, for an Order Directing CHARLES DIETTER and Others, as and Constituting the Board of Inspectors of Elections of the Town of Ellicottville, Cattaraugus County, New York, to Reconvene and Correct the Statement of Canvass, etc., Respondents.— The order is reversed on the law, without costs, and an order granted directing the board of inspectors of elections to correct its statement of canvass for voting machines, under the heading " Coroner " by striking out the following: " 9 D in our opinion are for Charles Nannen." That in the first line under the heading " Supervisor " they strike out the word " Blank," and insert in place thereof the name " Charles Nannen; " that from the same line they strike out the figures " 100, 119 and 219 " as they there. occur, and in place thereof they insert the figures " 218, 219 and 437," respectively, and that they strike out the second line under this heading, to wit, " 10 A in our opinion are for Mr. Dailey." That they strike out from the line which carries the figures, letter and words " 10 B Howard L. Pettit " in said statement of canvass under the heading of " Supervisor " the figures " 212, 219 and 436," as they there occur, and in place thereof they insert the figures " 215, 237 and 456," respectively. Memorandum. Through an error in adjusting in the machine the printed strip carrying the names and designations of the candidates, the ballot machines were defectively set up, so that a vote cast by pulling the lever under which the name of the candidate appeared, registered a vote for the office and candidate appearing on the machine first at the left of the candidate for whom the voter intended to vote. Hence each time a voter pulled the lever over the name of either candidate for supervisor he cast a vote, in the case of Pettit, which registered for Hal W. Hammond, coroner, and in the case of Nannen, for blank, there being no candidate for coroner on the independent ticket. No votes other than these were registered under these two spaces set aside for the office of coroner. In these circumstances it becomes the duty of the court to summarily decide the questions arising and to adjudicate a result consonant with the will of the electorate. (Election Law, § 330.) "A vote lawfully cast is not void, even though by reason of a mechanical defect in the voting machine it has not been correctly registered." (*Matter of Creedon*, 264 N. Y. 40, 43.) All concur. (The order dismisses a proceeding to compel inspectors of election to correct their statement of canvass.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

JOHN A. SCHNEIDER, Respondent, v. AGRICULTURAL INSURANCE COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment awards plaintiff damages under fire insurance policies. The order denies a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

In the Matter of MAXINE BUELL, an Infant, Nine Years of Age, and Her Father, PAUL W. BUELL.— Order affirmed, without costs. All concur. (The order awards custody of an infant to the mother.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.