In the Matter of the Application of BENJAMIN CARSON for the Examination of a Voting Machine and for the Correction of Certain Errors and Discrepancies Appearing Thereon, Pursuant to the Provisions of the Election Law of the State of New York, and for Other Relief Therein Provided.

Supreme Court, Rensselaer County, November 23, 1937.

*John J. Scully*, for the petitioner.

*Wiswall, Walton, Wood & MacAffer* [*Kenneth S. MacAffer* of counsel], for the respondent Fred Bonacker.

BERGAN, J.   At the general election of 1937 the petitioner was a candidate for the office of supervisor in the second supervisor district of the city of Rensselaer.   He was opposed for that office by the respondent Fred Bonacker.   The petitioner was the candidate of the Democratic party and the respondent the candidate of the Republican party.   Voting machines were used in the election. When the voting machine used in the first district of the sixth ward was opened at the close of the election, the counter used to record votes cast for the petitioner registered between the numbers 77 and 78.   The petition alleges that the inspectors of election in that district entered upon their tally sheets the notation that the " pointer stopped between number 77 and 78."   The vote cast for other candidates on the Democratic row in that district, as recorded by the machine, ranged from 289 to 225.   The machine recorded 174 votes as having been cast for the respondent Bonacker.   Votes cast for other candidates upon the Republican row, as recorded by the machine, ranged from 110 to 166.

It is the contention of the petitioner that he received over 200 votes in this election district and that, due to a defect in the registering mechanism of the machine, all of the votes cast for him were not indicated by the counter.   If his contention is correct, he was duly elected to the office of supervisor in the second district of the city of Rensselaer.   Fourteen offices were voted upon in the first election district of the sixth ward on the machine used in that district, and in each instance, except that of the petitioner, the Democratic candidate received in excess of 224 votes.   Since the respondent Bonacker, although having the highest recorded vote on the Republican row, received only eight more votes than the next highest candidate on that row, a mechanical failure of the machine fully to record and register the vote cast for the petitioner seems apparent.

The petitioner seeks an order in pursuance of section 333 of the Election Law for a mechanical examination of that part of the machine which recorded his vote.   This section provides that the court may direct the examination by any candidate or his agent of any voting machine upon which his name appears " upon such conditions as may be proper."   It is the contention of the respondent that, if there is to be an examination of the machine, it should be

made in pursuance of section 266 of the Election Law, which, in the event of a discrepancy in the returns of an election district, authorizes the county board of canvassers to examine the vote recorded upon the machine and to recanvass the same and " to throughly examine and test the machine to determine and reveal the true cause or causes, if any, of the discrepancy in the returns from such machine." It is further provided that before testing the counters they shall be reset at zero, after which each counter shall be operated at least 100 times. The petitioner points out, however, that this mode of examination, which is conducted by administrative officers and which is not a judicial examination, would not reveal the true cause for the discrepancy, which, he says, was due to a mechanical failure to indicate the vote received by him. It is urged that the judicial examination authorized by section 333 is the only adequate relief appropriate to the facts pleaded, and should be made under the direction of competent mechanical experts to ascertain, if possible, the cause for the apparent failure of the recording mechanism. I think this motion should be granted.

The administrative examination provided by section 266 of the Election Law would not be adequate to obtain proof upon an essential issue in the imminent contest over the election. In construing section 266 in *Matter of Barrett* (209 App. Div. 217), Justice SEARS said (at p. 222) that the provisions of section 266 of the Election Law " are all directed toward obtaining consistency in the returns. They do not look to a recount of the vote and their primary purpose is not to afford a candidate information as to the actual result of the election or to furnish evidence for use in a subsequent proceeding to try the title to the office." When there is a prospective contest over the result, a judicial examination, provided by section 333 of the Election Law, is the proper remedy and I think the examination is not limited to a mere visual inspection of the figures shown by the counters, but may proceed, under proper safeguards, to a mechanical examination of the machine. The section does not, in terms, limit the scope of examination to a mere visual inspection of the counters. What such an examination would disclose in this case is not in dispute. The section authorizes an examination of " any voting machine " and it " broadly authorizes the relief specified in all proper cases in the discretion of the court." (*Matter of Barrett, supra.*)

An order may be submitted directing a mechanical examination of the machine by the petitioner or his agent in the presence of the respondent or his agent. The order shall not operate to remove the machine from the control of its custodian, the city clerk of the city of Rensselaer, who shall attend such examination. The order shall

further provide that each party may designate a mechanical expert acquainted with the mechanism of the type of voting machine used in such election district to examine the manner in which the counter of row A, column 13, operates. The dismantling of so much of the machine as, in the opinion of the experts, may be necessary to make a full and adequate examination of the operation of such counter and such tests in relation to the recording made by the operation of lever No. A13 as may be necessary are authorized. A time for the examination convenient to the parties may be provided.

From this point on a question of procedure arises as to further relief to which the petitioner may be entitled. He urges that, if the mechanical examination of the machine discloses a failure fully to record the vote cast for him, the court, in this proceeding, may take proof by affidavit or by an oral examination of the voters as to the number of votes cast for the petitioner and direct a recanvass to be made in accordance with the findings reached upon such proof. Such relief is sought in the petition. The provisions of section 330 of the Election Law, however, do not confer upon the court jurisdiction in this scope. The petitioner's remedy, I think, lies in quo warranto, or, perhaps, prior to adverse occupation, by an action for a declaratory judgment. (*Sheils* v. *Flynn*, 252 App. Div. 140.)

The relief obtainable in pursuance of subdivision 4 of section 330 of the Election Law seems limited to paper ballots shown upon the statement of the canvass in the election district to be " protested, wholly blank or void." This subdivision, upon its face, at least, seems to have no relationship to votes cast by voting machines. The purpose of the subdivision is to obtain a judicial review from an examination of these three classes of ballots, of the determinations made by inspectors of election upon protested ballots, and upon those ballots found by the inspectors to be void upon their face or wholly blank. Whether the inspectors correctly determined the disposition of these specific classes of ballots is to be decided as a question of law by the court from a physical examination of those ballots shown by the canvass to have been protested, wholly blank or void. Closely following the enactment of this subdivision it was held in *Matter of Weinfeld* (203 App. Div. 778) that its purpose was " to permit a quick and summary determination of whether or not, as a matter of law, ballots rejected as void and protested were properly so rejected or not, and, if found to be as matter of law improperly rejected, to correct the canvass based upon such illegal rejection " (p. 784). There is, of course, power to correct discrepancies due to clerical mistakes in returning the vote, and by mandamus to compel such correction by the canvassers (*Matter of Smith* v. *Wenzel*, 216 N. Y. 421, 426), but here the discrepancy does

not arise from any error of the inspectors in recording the vote which could be ascertainable or corrected by an examination of the counters on the machine, but the actual result is dependent upon proof which will supply the deficiencies of the machine. In this case, such proof seems available only by showing how the electors voted.

Quo warranto or a similar action admitting of a plenary examination into the actual votes cast for the office of supervisor in the district in question seems to be the remedy of the petitioner. (*People ex rel. Deister* v. *Wintermute,* 194 N. Y. 99.) There, upon mechanical failure of the voting machine properly to record the vote, it was held in an action in quo warranto that proof of the actual vote cast by electors was available to the relator. A summary determination of a question of this kind is not within the jurisdiction of the court. The summary jurisdiction of the Supreme Court in election cases is not inherent. It rests upon the express provisions of the Election Law and it finds its limitations in that statute. (*Matter of Tamney* v. *Atkins,* 209 N. Y. 202, 206.)

A determination of how electors attempted to vote on a voting machine which failed to record their votes surely cannot be made under the authority of a statute authorizing a review, through an inspection by the court of those ballots deemed by the inspectors to be void, wholly blank or which were protested. A result depending upon evidence extrinsic to the machine used cannot be obtained in a summary proceeding under subdivision 4 of section 330, if indeed, the subdivision applies at all to voting machines. While there are implications in *Matter of Creedon* (264 N. Y. 40) that the court has broader power than the express language of the statute would seem to indicate, the decision turned upon other grounds, and, as far as the opinion discloses, the limitation upon jurisdiction seems not to have been raised or considered by the Court of Appeals.

Where the question of the vote cast may be determined from an examination of the machine, as where the printed strip carrying the names and designations of the candidates was improperly set up upon the machine (*Matter of Pettit,* 246 App. Div. 895), or where the result, in so far as material to the election, is ascertainable by mathematical computation (*Matter of Creedon, supra*), summary disposition has been made. Notwithstanding what was said in *Matter of Rattigan* v. *Searing* (105 Misc. 155), in a mandamus proceeding prior to the enactment of the present statutory provision, there seems presently no jurisdiction summarily to direct a recanvass of a vote shown upon a voting machine in accordance with findings based upon extrinsic proof.

Accordingly, the motion, except as to the mechanical examination of the machine hereinbefore directed, is denied without prejudice

to the prosecution of such action or other proceeding by the petitioner as he may be advised. The ministerial duty of the board of canvassers of the city of Rensselaer and the board of canvassers of the county of Rensselaer to make the canvass required by law should not longer be delayed and the stay heretofore granted in respect of this duty is vacated.

The stay in respect of the examination of the voting machine heretofore granted is continued until the conclusion of the examination of such machine to be made in accordance with this order, except that, at the time such machine is opened in pursuance of this order, and prior to the mechanical examination directed by the order, the county board of canvassers of the county of Rensselaer, under section 266 of the Election Law, may, if it so decides, recanvass the result appearing upon the machine, and, at the conclusion of the mechanical examination provided by this order, may make the examination and test of the machine authorized by such section.

Submit order.