In the Matter of the Petition of MAX GORDON, Petitioner, for an Order Directing a Recanvass of the Ballots Cast for ISRAEL AMTER, as Candidate of the Communist Party for the Office of Congressman-at-Large, in the County of Albany, State of New York, in the General Election of 1938.

BOARD OF ELECTIONS OF ALBANY COUNTY, Respondent.

Supreme Court, Special Term, Albany County, January 3, 1939.

*Walter L. Collins*, for the Board of Elections of Albany County, respondent.

BERGAN, J. The petitioner is a voter residing in the seventh election district of the sixteenth ward of the city of Albany, and is the representative for the county of Albany of the Communist party of the State, which in 1938 was an independent political organization. At the general election, held November 8, 1938, the Communist party presented as its only nominee Israel Amter for the office of Congressman-at-Large. His name appeared on row " G " of the voting machines. The petition alleges that petitioner voted for Mr. Amter, but that the official canvass shows no votes cast for that candidate in the seventh election district of the sixteenth ward. It also alleges that a number of other voters have advised the petitioner that they voted for Mr. Amter, but that the official canvass in their respective election districts shows no votes cast for him. The petition enumerates five other districts in the city in which petitioner is advised this situation occurred, and alleges generally that it occurred in other cities and towns in the county of Albany. The petition states further that of 135 election districts in the city of Albany 86 are reported as having had no votes for Mr. Amter, and that a similar situation exists elsewhere in the county, and that it is apparent from the position of the candidate as the only nominee appearing on line " G " of the machines that the inspectors of election in many of the election districts overlooked votes cast for that candidate. The respondents are the members of the board of elections of Albany county.

No allegation is made that the returns of the inspectors of election from the several election districts have been incorrectly canvassed for the county of Albany or that there is any discrepancy apparent upon the face of the returns. The theory of the petition is that the inspectors of election incorrectly made their returns by not accu-

rately reading the votes recorded on the machines. The prayer for relief is that the court order a recanvass of the vote cast for Mr. Amter and for that purpose that an inspection be allowed of all the voting machines used in the county of Albany at the general election as authorized by section 266 of the Election Law and other pertinent sections. In the totality of relief sought the petitioner seeks an order to compel the respondents to reconvene the inspectors of election in each district of the county to examine each voting machine, to correct in the returns of the inspectors of election any errors that might be disclosed, and to carry into the canvass of the results in the county, from such district returns as thus corrected, the results shown upon the examination of the voting machines. It is argued by the petitioner that relief in this scope is available to him as a voter within the provisions of subdivision 5 of section 330 of the Election Law.

Under the authority of that subdivision the Supreme Court is vested with summary jurisdiction to determine any question of law or fact arising as to the canvass of returns by a county board of canvassers in a proceeding instituted by any voter. While the statute itself requires that it be construed liberally, the summary jurisdiction vested in the court is limited to the subject-matters plainly enumerated and the powers vested are not inherent in the court, but find their source solely in the statute. (*Matter of Tamney* v. *Atkins*, 209 N. Y. 202, 206; *Matter of Carson*, 164 Misc. 945, 949.)

The direct judicial power authorizing the examination of voting machines or ballots, in so far as it rests upon provisions of the Election Law, is to be found in section 333. This is at the instance of a candidate or his agent. No authority exists in such a proceeding to direct an examination of the voting machines or ballots at the instance of a voter, as distinguished from a candidate. The purpose of the examination afforded by section 333 is to obtain the original record of the votes cast, by machine or ballot, as the case may be, to be used as evidence in a prospective contest over the election, usually afforded by an action in quo warranto. Even where the proceeding is instituted by a candidate affected by the result, the examination of voting machines is discretionary, and will usually be granted only if the outcome of the election seems to be close enough to provide useful purpose for the examination. Upon the scope and purpose of proceedings by candidates to examine the original ballots or voting machines, see, generally, *Matter of Friedman* (238 App. Div. 341); *Matter of Barrett* (209 id. 217); *Matter of Dolen* (225 id. 78); *Matter of Kernochan* (149 Misc. 814).

The remedy afforded a voter by subdivision 5 of section 330 of the Election Law is narrower in scope than that afforded a candi-

date by section 333. The proceeding thus afforded to a voter relates to the " canvass of returns " by the county board of canvassers. It means, plainly, the computation of results from the statements furnished to the board by the inspectors of election in the several election districts of the county. The " returns " that are canvassed by the county canvassers are not the original ballots or the voting machine counters, but the statements received from the inspectors of election, and the " recanvass " and " correction of an error " authorized by that statute refer exclusively to a recanvass of the returns by an examination of them and a correction of errors appearing on the face of such returns. In the use of the words " canvass of returns," the Legislature plainly did not intend to authorize a review of the original evidence of the vote, or to authorize a judicial order bringing about conformity between the original evidence of the vote and the returns, nor could it have been intended to grant to a voter wider relief in respect of the examination of such evidence than elsewhere in the statute is afforded a candidate. The petition does not disclose any error in the canvass of the returns as such.

The statute, however, further provides that in such a proceeding instituted by a voter the court may direct the performance of a duty by the county board of canvassers. The petitioner argues that he has shown facts which would require the county board of canvassers to act in pursuance of section 266 of the Election Law to recanvass the entire vote in the county. That section requires a county board of canvassers, " whenever it shall appear that there is a discrepancy in the returns of any election district," to summon the inspectors of election in that district and in their presence to open the voting machine and to recanvass " the vote cast thereon." This statute relates to an administrative function by the election officials themselves rather than directly to a judicial function by the court. (*Matter of Carson, supra,* p. 947.) The object of this statute is " toward obtaining consistency in the returns." (*Matter of Barrett, supra,* p. 222.) If facts are disclosed casting a duty upon the county board of canvassers to make the recanvass provided by section 266, the right of a voter to institute a proceeding against the county board of canvassers to compel the performance of this duty under subdivision 5 of section 330 is undoubted. (*Matter of Smith* v. *Wenzel,* 216 N. Y. 421; *People ex rel. Daley* v. *Rice,* 129 id. 449.)

I will pass for the moment the question raised by the respondents that they are not proper parties, since the board of supervisors of the county and not the board of elections constitutes the county board of canvassers, for the reason that additional necessary parties

may be brought in. The condition precedent upon which the board of canvassers is required to act in directing its administrative recanvass in pursuance of section 266 of the Election Law is a discrepancy in the returns of an election district. The word "discrepancy" has been construed liberally. (*Matter of Smith* v. *Board of Canvassers*, 92 Misc. 607.) But to require the board to conduct a recanvass the discrepancy must be one which is apparent in the return itself. One cannot exist, I think, from evidence outside the return.

An affidavit by a voter that his vote was not counted, or that he voted for a candidate shown by the returns from a district to have received no votes, if presented to the board of canvassers, would not entitle the board to treat the affidavit as a discrepancy in the returns and to conduct a recanvass of the vote. The results of elections would remain ever in doubt if such contentions, whenever made by voters, treated as a "discrepancy" in the returns, required a recanvass of one or many districts following an election. If such proof presented to the board itself would not impose the duty to recanvass in pursuance of section 266, the same proof presented to a court does not vest jurisdiction judicially to compel the making of such a recanvass by the board of canvassers. Further, the last sentence of the statute expressly prohibits the making of any change in the returns filed by inspectors of election or a recanvass thereof by virtue of any evidence obtained by the examination of the machine. Even in *Smith* v. *Wenzel* (*supra*), as pointed out by Presiding Justice SEARS in the *Barrett* case (*supra*, p. 221), the Court of Appeals sustained the order of mandamus upon the basis of the actual discrepancy in the return which failed to show the total number of votes as shown on the public counter of the machine. I am aware of no authority in which a discrepancy in a return has been spelled out of a contention based upon extrinsic proof addressed to a return regular on its face. In *Smith* v. *Wenzel* the statement appears in the opinion of Judge POUND (p. 425) that "all concede that the discrepancy existed and that the mistake was made."

It follows that a voter, as distinguished from a candidate, is entitled to obtain the following relief in relation to an election: (a) to compel a county board of canvassers to correct errors made in its canvass; (b) to compel a county board of canvassers to examine a voting machine and to recanvass the vote on such machine where a discrepancy appearing upon the face of the returns is disclosed in any election district. This petition does not disclose facts falling within the scope of either of these classifications.

The application is denied and the petition dismissed, without costs.

Submit order.