In the Matter of the Application of OSCAR GOLDIN for an Examination of Ballots under the Election Law.*

Supreme Court, Suffolk County, May 3, 1939.

*Stanley S. Corwin*, for the petitioner.

*Frederick H. Tasker, Village Counsel*, for the village of Greenport, respondent.

SWEZEY, J. The testimony adduced before me on the hearing of this application for an examination of the ballots for the election of trustee in the village of Greenport has established conclusively that there was no compliance with the provisions of the Election Law prescribing the method of canvass and tally. It has been equally well established that this omission was entirely innocent and that the election officials acted intelligently and conscientiously. There was no attempt by any election officer who officiated at the election in question to gain any unfair advantage or to defeat the will of the electorate. The vote was tabulated at this election in identically the same fashion as it had been counted at every previous election within the memory of any of the witnesses. Undoubtedly, because of the multitude of statutory prescriptions and inhibitions concerning the conduct of elections, the officials of this village resolved that the provisions of the Election Law with respect to canvass and tally did not govern village elections.

Section 190 of the Election Law provides that the provisions of article 8 thereof apply to " any election at which official ballots are used if other provision for the conduct thereof is not made by law." *People ex rel. March* v. *Beam* (188 N. Y. 266); *Matter of Winchester* (123 Misc. 191); and *People ex rel. Goring* v. *Presi-*

* See, also, *Matter of Goldin*, 171 Misc. 759.

*dent* (144 N. Y. 616) are instances of cases wherein the courts have treated provisions of article 8 of the Election Law as having application to village elections. (Also see Op. Atty. Gen., 48 St. Dept. Rep. 222.) This court, therefore, held, at the time that it ordered the hearing on this motion, that sections 216 *et seq.* of the Election Law provided the method for canvass and tally of the votes in a village election. The question, therefore, remains as to the effect of this violation.

According to the results announced after the election, the petitioner was defeated by a margin of 105 votes out of a total of 1,577 ballots. Should this fact deprive the petitioner of any relief to which he might otherwise be entitled? Quite frequently the courts have mentioned the fact that the margin of difference in the votes affected the right to an examination. (*Matter of Whitman,* 185 App. Div. 228. 234; *Matter of Gordon,* 169 Misc. 730.) In each of those cases, however, the court found the outcome of the election to be close enough to permit the examination or else the matter was immaterial to the result because the application was denied on other grounds. No authority has been brought to the attention of the court wherein the application for relief was denied solely because the apparent defeat was by too great a margin. The statute makes no distinction between elections wherein the plurality is large or small and it would seem inconceivable that one might be deprived of the opportunity of verifying the results of an election because the result, if arrived at through improper means, reflected a large plurality. Might it not be as simple for dishonest election officials, who deliberately use other methods of canvass to prevent detection, to announce a result showing a plurality of a thousand as it would be to show a plurality of one vote?

To prevent any attempt to reach a dishonest or inaccurate result the Legislature has provided the method of tabulation. This power rests with the Legislature alone. " The canvass must be made openly and promptly, and under such safeguards as the legislature has prescribed as tending most strongly toward a fair result." (*People ex rel. Brink* v. *Way,* 179 N. Y. 174, 182.)

If the count has not been so conducted, the law enables a defeated candidate to verify its accuracy. The purpose of a proceeding of this nature is to enable a defeated candidate to ascertain whether or not there was error, to his injury. (*Matter of Larkin,* 46 App. Div. 366; revd. on other grounds, 163 N. Y. 201.)

At the hearing it developed that the ballots were separated into some seventy-two piles under the method used by the election officials. The petitioner claims that he was, therefore, unable to see more than one-quarter of the votes counted. In view of this

fact it would seem that the successful candidates would be even more eager than the petitioner to correct this condition so that they may hold their offices " by a title not only unassailable in law, but unclouded by any just suspicion of error." (*Matter of Wilber*, 131 Misc. 2.)

An order granting this application will, of course, have no effect on the determination of the result of the election, nor does it bring about a recount. The purpose of this remedy is well defined in *Matter of Friedman* (238 App. Div. 341) as follows: " It is intended, we think, to permit a defeated candidate to determine whether he has any grounds for a contest, and to prepare and marshal his evidence in case he ascertains that he has been defeated by an incorrect or fraudulent count (*Matter of Barrett*, 209 App. Div. 217)."

In view of the petitioner's acquiescence in the method of canvass pursued notwithstanding the presence of his attorney thereat, with his more abundant knowledge of the intricacies of the law, justice requires that the additional expense incident to an examination of the ballots should be borne by him.

The application is granted upon condition, however, that the petitioner deposit with the village treasurer the sum of fifty dollars on or before May 10, 1939, to secure the payment of the actual expense of handling the ballots, and, in the event such payment is made, the inspection is to be conducted at the village hall in Greenport on May 12, 1939, at eleven A. M., under the supervision of the election officials of the village of Greenport and each candidate for trustee may have two representatives present. Settle order on notice.