PEOPLE ex rel. HENNESS v. DOUGLASS et al., Election Inspectors.

(Supreme Court, Appellate Division, Third Department. January 13, 1911.)

MANDAMUS (§ 74*)—PURPOSE OF WRIT—PERFORMANCE OF OFFICIAL DUTY.
    While election inspectors cannot be compelled by mandamus to make their return in any particular manner, they may be compelled to make a true return of the result according to their count, if the return made was incorrect, irrespective of the provisions of the election law; "mandamus" being the proper remedy to compel a public official to perform his official duty, where he fails to do so.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. § 74.*

    For other definitions, see Words and Phrases, vol. 5, pp. 4323–4330; vol. 8, pp. 7714, 7715.]

Appeal from Special Term, Delaware County.

Application for mandamus by the People of the State of New York, on relation of Walter Henness, against J. Harper Douglass and oth-

-ers, as inspectors of election of the First election district of the town of Kortright, Delaware county, N. Y. From an order denying the writ, relator appeals. Order reversed, and motion for writ granted.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Hamilton J. Hewitt, for appellant.

Marion M. Palmer (C. L. Andrus, of counsel), for respondents.

PER CURIAM. The defendants concede that a mandamus would lie to compel them to file the tally sheet kept by them on the canvass of the votes for or against proposition No. 2 submitted to the voters of the town under the excise law. Confessedly the defendant inspectors have failed to do this, and they should be compelled to do so. The moving papers show that there was a mistake made in the return of the defendant inspectors, and that the figures were transposed, and that the number of votes returned "for" the second proposition was wrong, and should have been returned "against" it. There is no dispute of this, except that certain persons aver that the vote was announced as returned and no protest made.

If in fact a mistake was made by the inspectors in their return, and the figures were transposed, the court has power by mandamus to compel them to make a true return of the vote as actually cast and counted by them. Inspectors of election cannot be compelled to reconvene and recount the ballots cast, or to return in any particular manner; but they can be compelled to make a true statement of the result according to the count they actually made. It is their duty to make such statement and return, and the function of a mandamus is to compel a public official to perform a duty where he has failed to do so.

Irrespective of the special provisions of the election law, the court has power to compel election inspectors to make a correct return of the ballots counted by them. Matter of Stewart, 155 N. Y. 545, 50 N. E. 51; People ex rel. Smith v. Schillein, 95 N. Y. 124; People ex rel. McLaughlin v. Ammenwerth, 197 N. Y. 340, 90 N. E. 973. It may be the vote was correctly returned in the present instance. If so, the defendants can so return. If the figures were transposed, and the return made was a mistake, manifestly it should be corrected.

The order denying a peremptory writ of mandamus should be reversed, with $10 costs and disbursements, and the motion granted, directing such writ compelling the defendants to file the tally sheet in the proper town clerk's office, and further directing them to make a correct return according to their count of the votes cast, without costs. All concur.