SMITH v. WENZEL et al.

(Supreme Court, Appellate Division, Fourth Department. December 8, 1915.)

1. MANDAMUS ☞74—RETURNS—CORRECTION—REMEDY.
   Where the inspectors of election misread and erroneously certified the vote cast for a certain office, their act was not judicial, but ministerial, and correction thereof could be compelled by mandamus, so that the relator was not compelled to resort to quo warranto for review of the validity of the certificate under which his opponent would be entitled to the office, if mandamus could not be invoked.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. ☞74.]

2. MANDAMUS ☞182—WRIT—SCOPE OF DIRECTION.
   It was no objection to a writ of mandamus requiring county canvassers to correct an error in reading the vote that it required the canvassers to review the corrected return, although there was no showing that they would fail to perform that duty.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 405–408, 411, 412; Dec. Dig. ☞182.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Oneida County.

James D. Smith applied for writ of mandamus against Charles Wenzel and others. From an order directing the issuance of a peremptory writ, and from an intermediate order requiring the production of a voting machine, certain defendants appeal. Orders affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Richard R. Martin, of Utica (L. N. Southworth, Seward A. Miller, and A. G. Senior, all of Utica, on the brief), for appellant Thomas.

H. J. Cookinham, Jr., of Utica, for appellant board of county canvassers.

Warnick J. Kernan, of Utica (George C. Morehouse and Daniel Meegan, both of Utica, of counsel), for relator.

Thomas E. Dougherty, of Utica, for respondents inspectors of election of Second election district.

KRUSE, P. J. The material facts are not in dispute. The relator and the appellant Thomas were rival candidates at the last election for the office of mayor of the city of Utica. The inspectors of election of one of the election districts of the city certified that 182 votes had been cast for Thomas, when in fact but 137 votes had been cast for him. It is not contended that the voting machine did not correctly register or count the votes. The mistake occurred through the inadvertence of one of the inspectors in not reading and announcing the correct number of votes cast as indicated by the machine. Immediately after the return containing the erroneous statement had been signed by the inspectors, they became satisfied that a mistake had been made, but they did not correct it because, as they thought, they had no right to make any change in the return after they had sealed the envelope inclosing the return, although it was still then in their possession. The inspectors have been and still are willing to correct their mistake, but the appellants contend they have no authority to do so, and that the courts are powerless to require it to be done.

Upon the face of the returns, if the false return is corrected, the relator has been elected; but, if the false return is allowed to stand, the defeated candidate may receive the certificate of election, bcause it will then be made to appear by the returns that he received a plurality of the votes cast.

[1] 1. If the only remedy available to the relator is quo warranto, as is suggested by the learned counsel for the appellants, the law falls far short of furnishing an adequate remedy to relator. It will make it possible for the defeated candidate to hold the office for a time at least, and exclude the relator therefrom. I do not think the law is so deficient. I need not stop to discuss in detail the various provisions of the Election Law (Consol. Laws, c. 17) for reviewing the acts of election officials. It is enough to say that there is nothing in that law, or any other, as I think, to prevent compelling election officers by mandamus to perform ministerial or clerical acts such as are directed by the writ to be done in this matter. The inspectors are not required to recount the votes. The count is correct and was correctly recorded by the ma-

chine. The omission of duty is the failure of the election officers to record and certify that result. Such an act is in no sense judicial, and may be compelled by mandamus, although the Election Law does not specifically so provide. Matter of Stewart, 155 N. Y. 545, 50 N. E. 51; People ex rel. McLaughlin v. Ammenwerth, 197 N. Y. 340, 90 N. E. 973; People ex rel. Henness v. Douglass, 142 App. Div. 224, 126 N. Y. Supp. 908. I think the decisions in Matter of Tamney v. Atkins, 209 N. Y. 202, 102 N. E. 567, and other cases relied on by the appellants, do not hold to the contrary.

[2] 2. As to the board of county canvassers, its counsel states that the board has no interest in the controversy between the rival candidates, but urges that the requirement contained in the writ directing the board to canvass the corrected return is improper, because it does not appear but that the board will fully perform its duty. In view, however, of the fact that the false certificate has been filed, and the attitude of the board when the matter was brought to its attention, the direction should remain in the writ. It certainly can do no harm.

3. The question of the propriety or power to produce and open the voting machine in court, as was done upon the hearing, has ceased to be of importance. After such hearing the court reached the conclusion that questions of fact were presented which required the issuing of an alternative writ, instead of a peremptory one, but it was finally conceded upon the part of the appellants, as appears by recital in the order, that the objection would not be raised that material facts were in dispute and that an alternative writ should be issued, instead of a peremptory one.

I think the matter was properly disposed of at Special Term, and that the orders should be affirmed.

Orders affirmed, without costs. All concur.