In the Matter of the Claim of FRANCES HIRSCHBERG, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— The Unemployment Appeal Board has determined that respondent did not refuse employment without good cause and that she was qualified to receive the benefits asked. The facts, particularly the employment later obtained, sustain the decision of the board. We may not substitute our judgment when there is proof to sustain the board's determination. Decision of the board affirmed, without costs. Hill, P. J., Heffernan and Russell, JJ., concur; Brewster and Foster, JJ., dissent. (*Matter of Heater* [*Corsi*], 270 App. Div. 311.)

. JOSEPH JULIANO, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 27988.) — The State has appealed from a judgment of the Court of Claims in favor of claimant awarding him $317.60 for damages to his automobile. Sometime in the early morning of March 24, 1944, claimant's car was being driven by his son in a southerly direction on the State highway, just back of the United States Military Academy Reservation at West Point, and came into contact with earth and rocks which had fallen from the embankment on the westerly side of the highway. This highway was constructed through a rock and earth cut and on the westerly edge of the right of way there is an embankment of forty feet above the level of the pavement. The earth and rock from this embankment slid down on the highway as a result of which claimant's car was damaged. The court found that the State was negligent in failing to make proper inspection of conditions and to properly guard the embankment. The evidence sustains the finding. Judgment unanimously affirmed, with costs to respondent. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [190 Misc. 180.]

In the Matter of IRA TEEPLE, Respondent, against FRANK I. MCKEON et al., Comprising the Board of Elections of the County of Sullivan, Defendants, and FRANCIS A. HANOFEE, Appellant, et al., Defendants.— Appeal from an order made at the Ulster Supreme Court Special Term wherein it was determined and adjudged that the respondent-appellant was ineligible to hold the office of supervisor of the town of Liberty, Sullivan County, for the reason that he was not the owner of record of real estate in the town of Liberty at the time of his claimed election, and that a certificate of election issued to him on November 18, 1947, by the Board of Elections of Sullivan County was "ineffectual" and the respondent was restrained "from taking any further step or steps incidental to the office of supervisor in and for the town of Liberty" and that the supervisor in office elected for a term ending December 31, 1947, and the town board were restrained from delivering to respondent any books, documents or papers pertaining to the office and further the Board of Supervisors of the county were restrained from seating said respondent as supervisor. The decision, order and judgment purported to determine the title to office which cannot be done under article 78 of the Civil Practice Act. Order reversed, on the law and facts, and the petition dismissed, without costs. Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ., concur.