■ LOUIS DOMINE, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32507.) — Claimant appeals from a judgment of the Court of Claims which dismissed his claim for personal injuries after a trial. On April 11, 1952, claimant, a volunteer fireman, was riding with two other firemen on the rear step of a fire truck on the way to a fire. As the truck turned from a State highway into an intersecting side road it passed over a saucer-like depression maintained by the State at the junction of the two highways for drainage purposes, and claimant was thrown from the truck and rolled to the edge of the road. He was taken immediately to a doctor who found that his only injury was a laceration and abrasion of the left forearm. Claimant did not complain of any injury to his head and the doctor found none, although he examined his head for evidence of injury. Claimant lost no time from his regular work as the result of this incident. However, early in October, 1952 claimant became ill and suffered from dizziness. On hospitalization his condition was diagnosed as a subdural hematoma, and subsequently he underwent three cranial operations. Subsequent to the time of his illness in October, 1952, claimant suffered from substantial disability. The decision of the Court of Claims is based upon the theory that the claimant failed to connect his physical condition in October, 1952 with the accident which occurred some six months earlier. The physician who performed the cranial operations testified in answer to a hypothetical question that there was such a connection, but in doing so he assumed that the claimant sustained an injury or trauma to his head in the accident of April 11. This physician stated unequivocally that if there were no trauma to the head as the result of the fire truck accident it could not be the cause of claimant's condition found in October. There is no direct evidence whatever in the record of any injury or trauma to claimant's head at the time of the fire truck accident, in fact there was no symptom of head injury found

by the doctors who examined and treated claimant following the accident; there was no complaint of any head injury, and claimant did not testify to any head injury. Despite this appellant argues that the Court of Claims should have inferred from circumstantial evidence that claimant did in fact sustain some injury to his head in the accident. The Court of Claims Judge who heard the evidence was deciding a factual question. If we assume that the evidence in the record would have permitted the Judge to infer a head injury it is a far different thing than saying that he must do so. The Court of Claims has found that claimant did not sustain a trauma or injury to the head when he fell from the fire truck, and in view of the fact that there is no direct evidence that he did, such a finding may not be disturbed. Judgment unanimously affirmed, without costs. [16 Misc 2d 113.]