In the Matter of DUANE JONES, Petitioner, v. TOWN BOARD OF THE TOWN OF PETERSBURG et al., Respondents.

Supreme Court, Special Term, Rensselaer County, May 3, 1962.

*William H. Ivimey* for petitioner. *F. Richard Decatur, Jr.,* for Town Board of the Town of Petersburg, respondent. *Filley, Decatur & Finnan (F. Richard Decatur* of counsel), for Warren Stevens, respondent.

LAWRENCE H. COOKE, J. Petitioner brings this proceeding under article 78 of the Civil Practice Act for " either an Order declaring that respondent, WARREN STEVENS, was not eligible to assume and forfeited his right to hold and occupy the office of Highway Superintendent of the Town of Petersburg by reason of his not being a real property owner of record, that he be ousted and restrainted from acting as such Superintedent of Highways, that the petitioner lawfully holds over in such office as incumbent, and directing that all property appertaining to said office be surrendered and turned over by said Warren Stevens to the petitioner; or, in the alternative, an Order compelling the respondent Town Board to forthwith institute eligibility and forfeiture of

office proceedings pursuant to Section 23-a of the Town Law ''. The respondents move to dismiss and file objections in point of law.

It is stated, among other things, in the petition that respondent Stevens received the majority of votes on election day in 1961 for the office of Town Superintedent of Highways of the Town of Petersburg, Rensselaer County, that he assumed said office *de facto* on January 1, 1962, that he is ineligible to hold said office because at the time of his election he was not the owner of record of real property in said township pursuant to section 23 of the Town Law, that on February 5, 1962 demand was made on the Town Board of said township to institute proceedings under section 23-a of the Town Law to inquire into and ascertain the eligibility of Stevens to hold office and that said board has refused, failed and neglected to take action in connection with said demand.

Section 23-a of the Town Law provides: '' The record ownership of real property required by section twenty-three of this chapter, may be evidenced by a conveyance duly recorded in the office of the county clerk or register of the county in which the town is located, by a will duly admitted to probate in the office of the surrogate of the county, or by certified copy of a will recorded in the office of the county clerk or register of the county, and in case of intestacy, by decree of probate of heirship recorded in the office of the county clerk or register of the county, or by a copy of the records of the surrogate, duly authenticated, upon which the letters of administration were issued. Any person holding town office who shall fail or refuse to establish record ownership of real property in the town after fifteen days written notice and demand, personally served by or upon behalf of the town board, shall, unless the time be extended for good cause shown, forfeit his office at suit of the town board of the town.''

Dismissal is necessary on at least two grounds, both indicating that a proceeding under article 78 is not the appropriate remedy.

First, the rule is well settled that under ordinary circumstances the only action which lies to try title to office is under article 75 of the Civil Practice Act, in the nature of quo warranto, and not under article 78 of said act (*Seavey* v. *Van Hatten,* 276 App. Div. 260; *Matter of Teeple* v. *McKeon,* 273 App. Div. 936; *Matter of Ahern* v. *Board of Supervisors,* 7 A D 2d 538, affd. 6 N Y 2d 376; *Matter of Macy* v. *Clayton,* 100 N. Y. S. 2d 890, affd. 277 App. Div. 1131; *Matter of Metz* v. *Maddox,* 189 N. Y. 460; *People ex rel. McLaughlin* v. *Police Comrs.,* 174 N. Y. 450, 463; *People ex rel. Wren* v. *Goetting,* 133 N. Y. 569; *Matter of Gardner,* 68 N. Y. 467; *Matter of Ginsberg* v. *Heffernan,* 186

Misc. 1029, 1035; 22 Carmody-Wait, New York Practice, p. 360). This is to be distinguished from proceedings under article 78 of the Civil Practice Act to compel election officials to perform their duties in regard to canvassing or recanvassing the votes and to correct obvious errors in the canvass, which duties are purely ministerial (*Matter of Mullen* v. *Heffernan,* 193 Misc. 334, affd. 274 App. Div. 972, affd. 298 N. Y. 785; *Matter of Smith* v. *Wenzel,* 171 App. Div. 123, affd. 216 N. Y. 421; *Matter of Ginsberg* v. *Heffernan,* 186 Misc. 1029, 1034–1035; *Matter of Mazzotti* v. *Swezey,* 199 Misc. 987, 996; *Matter of Bonacker* v. *Chuckrow,* 166 Misc. 171, 176).

In *Matter of Teeple* v. *McKeon* (*supra*) a fairly recent case decided unanimously by the Appellate Division, Third Department, in which the property qualification of an elected town officer was involved, very definite language was used as follows: " The decision, order and judgment purported to determine the title to office which cannot be done under article 78 of the Civil Practice Act."

In *Seavey* v. *Van Hatten* (276 App. Div. 260, 262, *supra*) one of the few cases mentioning section 23-a of the Town Law, it was held: " Except for the remedy provided for by section 23-a of the Town Law, we think the orderly procedure is, as it has always been, that if a person is elected to office, he may only be ousted therefrom by an action in the nature of quo warranto with the full right of trial by jury in accordance with the rules of common law ". Very pointedly, article 78 of the Civil Practice Act was not mentioned, referred to, or included in this classification. (See, also, *Matter of Mazzotti* v. *Swezey,* 199 Misc. 987, 992, *supra*.)

Secondly, section 1285 of the Civil Practice Act, a part of article 78 and entitled " When relief not available ", provides in part: " Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases: * * * 3. Where it does not finally determine the rights of the parties with respect to the matter to be reviewed." To direct the Town Board here to serve the written notice and demand provided for in section 23-a would not finally determine the rights of the parties. This would be but a preliminary step.

Petition dismissed without prejudice to the institution of such other proceeding as may be advised, without costs.